## BUNCH *v.* WILLIAMS.

### Opinion delivered June 17, 1905.

LEASE—RIGHT OF RE-ENTRY—CONDITION PRECEDENT.—Where a lease stipulated that the lessees should have the use of so much new ground as they should clear up for the term of five years, free of rent, and that they should, with certain exceptions, cut down and remove all the timber, and further provided that the lessor should have the option to take back such cleared land, but that in doing so he should pay to the lessees a certain amount per acre for each acre cleared, the payment by the lessor for the clearing is a condition precedent to his right to retake the cleared land before the lease expired; and this is true although the land is only partially cleared at the time it is retaken.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Reversed.

STATEMENT BY THE COURT.

E. W. Williams, on the 5th day of December, 1898, rented to Bunch & McKenzie a part of the Leland plantation in Jefferson County for one year for the sum of $4,000. Along with this improved land Williams let them have 240 acres that had been deadened, but not cleared, which is called "New Ground" in the contract. . This contract was reduced to writing, and so much of it as refers to this "New Ground" is as follows: "It is expressly understood and agreed between the parties that the New Ground hereinbefore described, that they, the said Bunch & McKenzie, are to have the use and occupation thereof, or the use and occupation of so much thereof as they may clear up and put in a good state of cultivation for the term of five years, free of rent. The clearing necessary to make this term of the contract operative shall be as follows: The said Bunch & McKenzie are to cut down and remove all the timber from the land, with the exception of all gum and sycamore trees exceeding two .and one-half feet in diameter, which trees are to be deadened and left standing; the said Bunch & McKenzie are to further build a house 16x32. feet with a partition in the middle, for every twenty acres of cleared land at such points as may be designated by the said E. W. Williams. It is not understood by the terms of this contract that the said Bunch & McKenzie are .to clear and put into a good state of cultivation all of the New Ground hereinbefore specified; but it is especially understood and agreed that whatever amount of uncleared land they shall put into cultivation as aforesaid, they shall have the use thereof free of rent for a term of five years. It is, however, agreed and understood between the parties that the said E. W. Williams shall have the option, after the expiration of one year, to take back the lands that have been cleared and placed in cultivation by the said Bunch & McKenzie; but in doing so he shall pay to the said Bunch & McKenzie the sum of three and 50-100 .dollars per acre per annum for each acre that they may have so cleared as aforesaid until the expiration of the five years." Bunch & McKenzie during 1897 cleared and put in cultivation about .forty acres of the new ground, and erected two cabins upon it, but left several hundred trees standing on the land

which were two and one-half feet in diameter. In December, 1900, Williams notified Bunch & McKenzie that he would exercise the option reserved in the contract, and take back the new ground on January 1, 1901, and asked them to have the ground measured to determine what was due them under the contract. Bunch & McKenzie replied that they would hold possession of the new ground until "the same is paid for according to our contract." Williams served notice on defendants to quit as provided by the statute in proceedings for unlawful detainer, and afterwards brought this action to recover possession. But he made no tender or offer to pay defendants for the clearing before bringing the action. On the trial it was shown, as before stated, that Bunch & McKenzie had cleared and put in cultivation about forty acres of land, and had built two houses thereon of the dimensions as required by the contract, and that they had expended in such work something over $500. It was also shown that at the end of the first year there were several hundred trees under two and one-half feet in diameter still standing on the land, to remove which at once would cost several hundred dollars. Bunch & McKenzie testified that it was their intention to burn or remove these trees from time to time, and to turn the land over at the expiration of five years cleared as called for by the contract. The circuit court held that under the contract the plaintiff was entitled to re-enter and take possession of the land without regard to whether a tender had been made or not, and gave judgment in favor of the plaintiff. Defendants appealed.

*J. M. & J. G. Taylor,* for appellants.

RIDDICK, J., (after stating the facts.) This is an action by plaintiff to recover possession of certain land which he had leased to defendants. The decision of the case turns on the construction of the following clause in the contract: "It is, however, agreed and understood between the parties that the said E. W. Williams shall have the option, after the expiration of one year, to take back the lands that have been cleared and placed in cultivation by the said Bunch & McKenzie, but in doing so he shall pay to the said Bunch & McKenzie the sum of $3.50 per acre per annum for each acre they may have so cleared as

aforesaid until the expiration of the five years." The provisions of this contract are not altogether clear, but after consideration of the same we are of the opinion that the payment of the defendants for the clearing was a condition precedent to the right of the plaintiff to take back the land under this contract before the expiration of the five years. It is true that the evidence here shows that this land had not, at the time this suit was brought, been fully cleared as required by the contract, for there were at that time trees still standing on the land under two and one-half feet in diameter. But defendants, having put the land in cultivation during the first year, were not required by the contract to have it fully cleared during that year. Defendants had during the first year expended over $500 in improving this land, and it would be a harsh construction of the contract to hold that, as the land was not then fully cleared, plaintiffs could take it back and pay nothing for the work and labor expended by defendants. The time during which these trees were all to be taken from the land was not limited to the first year, and, if defendants had been permitted to retain the use of the land for the full term of five years to pay for the clearing, it would not have injured plaintiff if the trees had been taken from the land before the expiration of the term of the lease. But counsel for plaintiff admit that defendants were entitled to some compensation for the work and labor expended on the clearing, but contend that this compensation was not to be paid before plaintiff re-entered the land, but afterwards. I feel some doubt about that point myself, but after consideration thereof the court has concluded that the contract required that a payment or tender of the amount due defendants for the clearing, whatever it was, should have been made before commencing the action to recover the land.

It follows, therefore, that in our opinion the suit, being brought before any payment or tender was made, was premature. The judgment will therefore be reversed, and the case remanded for further proceedings.