·MUTUAL RESERVE FUND LIFE ASSOCIATION v. COTTER.

Opinion delivered December 31, 1906.

1. INSURANCE—MISREPRESENTATIONS IN APPLICATION—ESTOPPEL.—Where an applicant for life insurance correctly answered the questions propounded to him by the insurance company's medical examiner, but without his knowledge the examiner wrote down incorrect answers, the insurance company is estopped to take advantage of the wrong of its own agent. (Page 206.)

2. SAME—REPRESENTATION AS TO USE OF INTOXICANTS.—Where an applicant for life insurance was asked if he used ardent spirits, and if so to what extent, and to give average quantity each day, the questions did not refer to an occasional or exceptional use of such drinks, but to habitual or customary use. (Page 207.)

Appeal from Cross Circuit Court; *Allen Hughes,* Judge; affirmed.

*Geo. Burnham, Jr., Rose, Hemingway, Cantrell & Loughborough* and *N. W. Norton,* for appellant.

1. Where, through either fraud or mistake, a written instrument, which is part of a contract, does not state the facts, before it can be corrected, the evidence of the fraud or mistake must be clear, full and convincing. 15 Ark. 275; 71 Ark. 614; 75 Ark. 72.

2. Among the questions propounded to the deceased, Riffey, were the following: "Do you use, or have you ever used, ardent spirits, wine or malt liquor? If so, to what extent—average quantity each day? State fully. Do not answer occasionally, moderately or temperately." To which the answer was, "Only in sickness." The fact is the deceased was a moderate drinker, who did not get drunk, but would take a drink or two when he came to town, usually on Saturday. His answer was untrue, was a breach of warranty, and fatal to recovery. 58 Ark. 528; 3 Dill. 217; 77 N. W. 690; 20 Fed. 482; 47 S. W. 614; 84 S. W. 789.

*P. D. McCulloch,* for appellee.

·1. Knowledge on the part of the examining physician that the answers written down by him in an application for a policy are false estops the insurance company from forfeiting such

policy on account of such false answers. 71 Ark. 295 and cases cited.

2. The questions as to the use of intoxicating liquors had reference to the habitual use thereof, and not to an occasional and infrequent use. *Id.*; 28 S. W. 837; 60 S. W. 576; 70 N. Y. 605; Elliott on Ins. § 374; May on Ins. § 299; Beach on Ins. § 436; Cook on Ins. § 36; 19 Am. & Eng. Enc. of L. 67, 68; 51 Atl. (N. Y.) 689; 2 Parsons on Contracts, 472; 145 Ill. 308. See also 6 Can. Sup. Ct. 695; 97 Tenn. 291.

RIDDICK, J. This is an appeal from a judgment in favor of Arthur Cotter and others, administrators of the estate of John Riffey, against the Mutual Reserve Fund Life Association for the sum of $1,000 and interest on a policy of insurance issued by the company on the life of John Riffey.

This is the second appeal by the company. When the case was here before, the judgment against the insurance association was reversed for the reason that the evidence showed that in his application for the policy Riffey had made misstatements of material facts. In answer to the question, "How long since you consulted or were attended by a physician? Give date," he answered, "September, 1897," and in answer to the question, "State name and address of such physician," he answered, "W. B. Snipes, Spring Creek." To a further question, "Have you had any disease or medical attendance not stated above?" he answered, "Malarial fever, Dr. D. S. Drake, Marianna." But the evidence showed that the answers to the first two questions stated above were not true, that the date of his last sickness before the application was in October, 1897, at which time he was attended by Drs. Foreman and Drake, of Marianna. On the last trial evidence was introduced tending to show that at the time he made the application for insurance Riffey gave correct answers to all of the questions referred to above, but that in reducing them to writing the examining physician, Dr. Snipes, filled out the answers so as to show that he himself was the last physician who treated Riffey, and that the date of the sickness was in September, 1897, instead of October of that year, and that this was done without the knowledge of Riffey. The physician was employed and paid by the company. If he, after being correctly informed of the facts by the applicant, chose to write them down

incorrectly, the company would not be allowed to take advantage of this wrong of its own agent or permitted to avoid the policy on that ground. It would be estopped from doing so. *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295.

The question as to whether the answers were correctly given by the applicant was submitted to the jury under proper instructions, and their finding has evidence to support it, and is conclusive.

Again to the question, "Had you used, or do you now use, ardent spirits, wine or malt liquor? If so, to what extent, give average quantity each day? State fully," the applicant Riffey replied, "Only in sickness." The evidence showed that Riffey, while not addicted to the habitual use of liquors, did take a drink occasionally. It was held in the case of *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295, that such questions do not refer to an occasional or exceptional use of such drinks, but to the habitual or customary use. The question propounded in this case of itself indicated that it did not refer to an occasional use, such as a drink once or twice in a week or two, as is shown here. The question requests a statement as to the "average quantity each day." But the average quantity for each day that Riffey took of such drinks would have been infinitesimally small, for the evidence showed that he did not use intoxicating beverages daily or regularly, but that occasionally when he came to town he took a drink, sometimes two, but not to an extent sufficient to affect him. The answer that he made to this question that he used such liquors "only in sickness" showed that he was not a total abstainer from such drinks, but that he used them when in his opinion they were beneficial to his health. Considering that the question referred as before stated to the habitual, not the occasional, use of such drinks, we are of the opinion that the answer involved no material misrepresentation. *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295; *Van Valkenburgh* v. *Am. Ins. Co.,* 70 N. Y. 605; *Chambers* v. *Northwestern Ins. Co.,* 64 Minn. 495.

Judgment affirmed.

MCCULLOCH, J., disqualified.