SKILLERN v. BAKER.

Opinion delivered March 4, 1907.

1. TRIAL—DIRECTING VERDICT—PRACTICE.—The general rule that where an unimpeached witness testified distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established and a verdict directed accordingly, is inapplicable where the witness is interested in the result of the suit, or facts are shown which might bias his testimony, or from which an inference might be drawn unfavorable to his testimony or against the fact testified to by him. (Page 89.)

2. SAME—WHEN IMPROPER TO DIRECT VERDICT.—Notwithstanding defendant swore positively that he served a certain notice on plaintiff's agent, it was error for the court to assume such fact as proved, and to direct a verdict accordingly, if such agent swore that he had no remembrance of any such service. (Page 89.)

3. CIRCUIT COURT—JURISDICTION.—The circuit court has no original jurisdiction to entertain an action on a note for $100 or less, even though joined with another note of which the court had jurisdiction. (Page 90.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

### STATEMENT BY THE COURT.

On the 5th day of January, 1901, James J. Gibhart borrowed $100 from the Howard County Bank, and gave a promissory note therefor to the bank payable in sixty days with ten per cent. interest.

On the 6th day of March, 1901, Gibhart borrowed an additional sum of $130 from the same bank, and gave a note therefor payable in 65 days with ten per cent. interest.

Both of these notes were signed by Gibhart and by H. N. Baker, Gibhart being the principal debtor and Baker his surety. When the notes became due, they were not paid. Afterwards, in 1905, James H. Skillern, the receiver appointed to take charge of the assets of the bank, brought this action in the Howard Circuit Court against Gibhart and Baker to recover the amount due on the notes.

Gibhart had left the State, and was not served. Baker filed an answer, in which he alleged that he had signed the notes as surety to enable Gibhart to borrow money from the bank, and that after the notes became due he notified the bank in writing to forthwith commence suit on the notes against Gibhart, the principal debtor, that the bank failed to commence suit for more than 30 days after service of notice, and that under the statute he thereby became discharged from liability on the notes.

On the trial Baker, the defendant, testified that after the notes became due he served notice on the cashier of the bank to bring suit, and produced a copy of the notice which he claimed to have served. The cashier testified for the bank that he had no recollection of having been served with written notice to bring suit, but that he would not say that notice had not been served.

The court, over the objection of the plaintiff, directed the jury to return a verdict for the defendant, which was done. The plaintiff appealed.

*Sain & Sain* and *W. S. McCain,* for appellant.

1. It was error to permit appellee to read to the jury a copy of the notice alleged to have been delivered to the cashier of the bank, without first having notified appellant to produce the original notice. 72 Ark. 47.

2. The court erred in directing a verdict for the defendant. Where there is any evidence to justify a verdict for the plaintiff, the court should not direct a verdict for the defendant. 73 Ark. 561; 71 Ark. 309; *Id.* 447. The jury are the sole judges of the testimony. 37 Ark. 581; 49 Ark. 439.

3. It was error to hold that notice to the cashier was notice to the bank. Kirby's Digest, § 6045; Morse on Banking (3 Ed.), § 143 b.; 15 Ark. 132.

*Feazel & Bishop,* for appellant.

1. Appellee testified that the notice served on the cashier was an exact copy of the one he read to the jury. The statute provides that notices may be served by copy. If the paper read be taken as a copy, appellant's objection here is not well taken. No specific objection was made below. 76 Ark. 404.

2. The court properly directed a verdict. Where the testimony is uncontradicted, and bears upon its face no fact impeaching its verity, the question becomes one of law and not of fact. 75 Ark. 609; 77 Ark. 443.

3. The notice in this case is not a Code notice, nor authorized by it, but by Kirby's Digest, § § 7921, 7922. And the notice mentioned in these sections may be served on the cashier. 68 Ark. 283. Notice to the cashier is notice to the bank. 77 Ark. 172. See, also, 49 Ark. 336; 52 Ark. 11.

RIDDICK, J., (after stating the facts.) The question presented by this appeal is whether the court was justified under the state of the evidence in directing the jury to return a verdict for the defendant. The plaintiffs had made a *prima facie* case by introducing promissory notes which the defendant and one Gibhart had executed to the bank. The defendant, Baker, admitted that he had signed these notes as surety to enable Gibhart, the principal in the note, to borrow money from the bank, and it is not claimed that the notes had been paid. But the defendant testified that after the notes became due he had served written notice on the cashier of the bank to bring suit on the notes, that the bank failed to bring suit, and he claims that he was released from liability by virtue of the statute which made it incumbent on the bank to bring suit within thirty days after receiving such notice. This plea of notice to the bank to bring suit was an affirmative defense set up by the defendant, and the burden was on him to prove it. The only evidence he offered was his own testimony. To rebut this the receiver of the bank introduced the cashier of the bank, upon whom plaintiff testified that he served the notice, and the cashier testified that he had no recollection that any written notice to bring suit on the notes had been served upon him; that he would not say that none was served, but that if any was served he did not remember it. This was all the evidence bearing on this point; and as the only witness for plaintiff

testified that he could not say that notice was not served, though he did not remember it, the trial judge treated the evidence of the defendant as uncontradicted, and directed a verdict in his favor. But we are of the opinion that under the evidence this direction was improper. It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury. *Roseberry* v. *Nixon,* 58 Hun, (N. Y.), 121; *Wohlfahrt* v. *Beckert,* 92 N. Y. 491; *Thomasson* v. *Groce,* 42 Ala. 431; *Talcott* v. *Meigs,* 64 Conn. 55; *Miller* v. *White River School Tp.,* 101 Ind. 503; 6 Enc. Plead. & Prac. 696; *Ruiz* v. *Renauld,* 100 N. Y. 256; *Kelly* v. *Burroughs,* 102 N. Y. 93.

In this case the witness was the defendant in the case. He was not only directly interested in the result, but there was the added circumstance that the party upon whom he testified that he served notice swore that he had no remembrance of any such service. If this witness told the truth, the fact that he had no recollection of the service of notice to which defendant testified was a circumstance from which the jury might have inferred that no service was in fact made, and that defendant was mistaken in so testifying. If we could go into a consideration of the weight to be attached to this evidence, we might agree with the trial judge that the judgment for defendant was right; but, as before stated, we are of the opinion that the matter was one for the jury to determine.

The evidence in this case shows that the cashier upon whom defendant claims to have served notice had entire charge of the business of the bank, the president being such in name only, and under such circumstances the service of notice on the cashier was service on the bank.

As the case must be reversed, we call attention to the fact that, as shown by the transcript, one of the notes sued on in this case was for one hundred dollars and interest, and it has been decided that the circuit court had no original jurisdiction to entertain an action on such note, even though joined with the other note of which the court had jurisdiction. *Berry* v. *Linton,* 1 Ark. 252; *Martin* v. *Freeman,* 18 Ark. 257; *Gregory* v. *Williams,* 24 *Ib.* 177; *Humphrey* v. *McCauley,* 55 Ark. 257.

Judgment reversed, and cause remanded for a new trial.