## DES MOINES LIFE INSURANCE COMPANY *v.* CLAY.

### Opinion delivered February 1, 1909.

1.  LIFE INSURANCE—WARRANTY—USE OF LIQUORS.—A question in an application for life insurance as to whether the applicant uses any wine, spirits, malt liquors or other alcoholic beverages is held to refer to the customary or habitual use of intoxicants, and not to occasional or exceptional use. (Page 232.)

2.  TRIAL—DIRECTING VERDICT.—It was not error to refuse to direct a verdict in accordance with the uncontradicted evidence of a witness if his testimony shows that he was uncertain whether his memory was correct or not. (Page 232.)

3.  LIFE INSURANCE—WARRANTIES IN APPLICATION.—Where assured, in his application, was asked to give full particulars of all diseases, injuries and affections which he had had, and mentioned only an attack of pneumonia, testimony of his physician that he had treated assured for chills and fever, intermittent fever, la grippe and acute bronchitis, but that these ailments were of temporary character, from which the patient soon recovered, was insufficient to establish a breach of the warranty in his application. (Page 233.)

4. Appeal—who may complain.—Appellee cannot complain because the trial court did not grant him relief to which he was entitled if he neither asked for such relief nor appealed from the judgment below. (Page 234.)

Appeal from Pulaski Circuit Court, Second Division; *Edward J. Winfield,* judge; affirmed.

*Bradshaw, Rhoton & Helm,* for appellant.

1. The answers to questions as to diseases, etc., had were not strictly and literally true, and there was a breach of the warranty. 58 Ark. 540; 62 L. R. A. 774; 72 Ark. 623; 84 *Id.* 59; 25 Cyc. 811; 82 Ark. 402; 20 Fed. 482; 3 Joyce on Ins. § 1970; May on Ins. § 156.

2. The answers were not true as to abstaining from intoxicating liquors, and the policy is void. 74 Ark. 1, 295; 122 W. S. 501; 86 S. W. 522.

3. Furthermore, the insured had been drunk within three years. 74 Ark. 1; 20 Fed. 482.

4. The court erred in giving instructions 1 and 2, (58 Ark. 540; 72 *Id.* 623; 84 *Id.* 59), and in refusing those asked by defendant. 74 Ark. 1.

*J. C. Marshall,* for appellee.

1. Answers are not untruthful for failure to disclose temporary ailments which do not affect the general health and are not serious in their nature. 25 Cyc. 802, 813; 58 Ark. 528; 65 *Id.* 581. Whoever charges fraud must prove it. 20 Cyc. 108-99.

2. The word "use" as to alcoholic liquors means habit, custom, etc., and a negative answer is not false because applicant had drunk liquor. 84 S. W. 656; 65 Ark. 295; 70 N. Y. 605.

McCulloch, J. This is an action upon an insurance policy issued by appellant company on the life of one Vinson. The policy was issued on July 23, 1903, and Vinson died December 12, 1906. It was issued on an application containing answers to questions propounded by the company's medical examiner, the truth of which was. warranted.

The answer of appellant assigns breaches of the warranty of the truth of certain answers of the insured, and each will be discussed in the order in which they appear.

The first series of questions, the answers to which are alleged to be untrue, all relate to the use of intoxicants by the insured, and are as follows:

"1. Do you use wine, spirits, malt liquors or other alcoholic beverages? A. No.

"2. If not, state how long you have been a total abstainer. A. All my life.

"3. State kind used and how much in any one day at the most. A. None.

"4. How frequently did you use the amount stated? A. No time.

"5. Do you use either or any of them daily? If so, state kind used and daily average. A. No."

The evidence tended to show that the insured drank intoxicants at times, and had been intoxicated, but that he did not use intoxicants habitually. The court in its instructions to the jury submitted the question as a breach of the warranty, whether or not the assured was addicted to the customary or habitual use of alcoholic beverages. The instructions requested by appellant's counsel also submitted the question as a breach of warranty whether the assured "was addicted to the use of intoxicating liquors," but the court amended them by adding the words "habitual or customary" before the word "use" and gave them as thus modified. We see no substantial difference between the two sets of instructions. If the questions and answers related to addiction to the use of liquor as stated in appellant's requested instructions, it meant an habitual or customary use. "Addict" means to apply habitually, to devote, to habituate.—Webster.

These questions and answers must be read in connection with, and are explanatory of, each other, and when thus read we are of the opinion that they relate to the customary or habitual use of intoxicants and not to occasional or exceptional use. *Franklin Life Ins. Co.* v. *Galligan*, 71 Ark. 295; *Mutual Reserve Fund Co.* v. *Cotter*, 81 Ark. 205. Appellant's own instructions which it requested the court to give to the jury so construed the question.

The next question was as follows: "6. How many times have you been intoxicated in the past three years? A. No

time." This question related to a specific fact, that of intoxication within a given time, and the literal truth of the answer was warranted. Counsel contended that the undisputed evidence establishes the fact that the assured was intoxicated within three years prior to the date of the application for insurance. We do not think they are correct in this contention. One witness testified to that fact, and the jury would have been warranted in finding it to be true, but his testimony does not establish it beyond dispute. He was very uncertain as to the year when he saw the assured intoxicated, and showed on cross examination that his memory was defective. He was testifying concerning a single incident of intoxication on the part of the assured which was said to have occurred three or four years before the witness was called to testify, and there was little, if anything, to impress the incident upon his memory. Even though but one witness testified on the subject, his statement can not under those circumstances be treated as undisputed, and the question should be submitted to the jury. *Skillern* v. *Baker*, 82 Ark. 86.

The next and last question and answer set forth in the pleadings as a breach of warranty is as follows:

"Q. Give full particulars of all diseases, injuries and affections which you have had (except the so-called 'diseases of childhood'). A. Pneumonia, one attack in 1899, lasting twenty days, very severe, but from which there were no results."

A physician testified that he had, at different times, treated the assured for attacks of chills and fever, intermittent fever, remittent fever, la grippe and acute bronchitis, but he also testified that these ailments were of a temporary character from which the patient soon completely recovered, and that his health was not permanently affected thereby. He stated also, as his opinion, that continuous residence in a malarious country will affect a person's health and constitution, and that the assured had lived in that place all his life, but was a strong, healthy man at the time the policy was issued.

The court instructed the jury that the question quoted above had reference to only such diseases as affect the general health and are serious in their nature, and not to temporary or trivial ailments. That instruction was correct and declared the law

in accordance with the decisions of this court. *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528; *Mutual Reserve Fund Life Assoc.* v. *Farmer,* 65 Ark. 581; *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295.

The evidence was sufficient to justify a finding by the jury that there was no breach of warranty, and that appellant is liable on the policy. We find nothing in the record showing prejudice to appellant at the trial, and the verdict of the jury will not be disturbed.

The court below was not requested to render judgment for damages and attorney's fees, in accordance with the statute, and the same was not done. We are asked by counsel for appellee now to render judgment for attorney's fees; but we can not do so, as the appellee did not ask for such a judgment and did not appeal.

Judgment affirmed.