HOLBROOK *v.* NEELY.

Opinion delivered January 24, 1910.

TRIAL—DIRECTING VERDICT.—It was error to direct a verdict for the plaintiff where his case was made out only by his own testimony, which was self-contradictory.

Appeal from Conway Circuit Court; *Hugh Basham,* Judge: reversed

*Sellers & Sellers,* for appellant.

The peremptory instruction was erroneous. The evidence presented a question for the jury. Brickwood's Sackett's Instructions, § 258; 47 Ill. 510; 37 Ark. 193; 47 *Id.* 567; 57 *Id.* 461; 66 *Id.* 366; 73 *Id.* 561; 76 *Id.* 520; 82 *Id.* 86. Especially in view of the fact that the burden was on the plaintiff, and he had no supporting witness. 88 Ind. 122; 82 Ark. 86; 88 *Id.* 550.

*T. G. Malloy* and *June P. Wooten,* for appellee.

Although the only evidence presented is that of an interested party, if such evidence is unimpeached, free from suspicion and not inaccurate, the trial judge may properly direct a verdict. 58 Hun. 121; 25 N. Y. 361; 99 N. Y. S. 37; 102 N .Y. 93; 109 N. Y. S. 574; 162 N. Y. 569; 75 Ark. 406; 82 *Id.* 365. This is the rule in replevin cases as in other civil cases. 6 N. D. 94; Cobbey on Replevin, § 1026; 102 Mich. 545; 90 Ind. 563; 53 Ind. 365; 64 Ind. 125; 70 Ind. 1.

HART, J. This is a suit in replevin begun in a justice's court by S. S. Neely against J. E. Holbrook to recover the possession of a black mare. Judgment was rendered in favor of the plaintiff, and the defendant appealed to the circuit court. From a judgment, rendered against him in the circuit court the defendant has duly prosecuted an appeal to this court. The only question raised by the appeal is, did the court err in directing a verdict for the plaintiff?

On the 23d day of July, 1906, G. F. Gilbert executed his note payable on or before October 1, 1906, to J. C. Duncan for $50 for the purchase price of one white mare. The title to the mare was retained until the note should be paid. The note also contained the following indorsement: "Lien note December 10, 1906. Trasferred to S. S. Neely. His property." Neely says that he paid the purchase price of the mare, and that the above described note, which he calls a mortgage, was transferred to him. Gilbert at the time was staying at Neely's house, and knew of the transfer of the note. He was an insurance agent, traveling most of the time, and Neely gave him permission to trade the mare. Gilbert exchanged the white mare for a black mare, and on the 24th day of December, 1906, he turned her over to Neely, who changed the word "white" to "black" in the above described note. Neely kept her in his possession until Gilbert started on his next trip

two or three weeks later. While in Conway County, he became ill, and died about the first of February, 1907. Dr. J. F. Holbrook took possession of the mare on his account for medical services to Gilbert in his last illness. Neely heard of that fact, and sent his son to demand possession of her, which was refused. On the 11th day of February, 1907, he wrote to Dr. Holbrook, in which he said in part: "Your letter of recent date received addressed to S. B. Neely. I wish to say that I have a lien on the mare you have in your possession, which I inclose a copy." Inclosed with the letter was a copy of the note of Gilbert to Duncan and the indorsement thereon above referred to, except that the word "black" was substituted for "white" in the description of the mare. Gilbert stayed at Neely's house except when he was traveling on his insurance business. Neely said he seemed like a father to him, and said that he lent him the horse on the last trip. The above was substantially the testimony of Neely, and was all the evidence adduced at the trial, except that Holbrook testified that he was the defendant and knew Gilbert in his lifetime. Neely was cross-examined at length, and made evasive and contradictory statements as to his title and subsequent possession.

It is now insisted by his counsel that this was due to his ignorance and to the fact that he did not understand the questions propounded to him, and that no fact or circumstance was developed that in any wise affected his credibility. We cannot agree with that contention. The plaintiff must recover on the strength of his own title. It will be remembered that he was his own witness, and that no other evidence was adduced in his behalf. He claimed at the trial that he gave Gilbert permission to trade the white mare for the black one, and that Gilbert turned over to him the black mare on December 24, 1906, in payment of the note for the purchase money of the white mare, which had been transferred to him on December 10, 1906. On February 11, 1907, he wrote the defendant, asserting that he had a lien on the mare. His counsel insist that he called it a lien because he did not understand the difference between having a lien on the mare for the unpaid purchase money and retaining title in the mare until the purchase price was paid. But, when he was questioned about this letter on cross examination, he said:

"Q. If you sent this (referring to the letter) for the pur-

pose of showing Dr. Holbrook what you claim you had, then this was the claim and all of the claim? A. No, sir; she (referring to the mare) had been turned over to me. Q. Why did you not give him a truthful statement in this, rather than send him a letter that would mislead him? A. I just overlooked it, and my brother-in-law prepared this."

His answers to these interrogatories tend to show that he understood at the time he was testifying the difference between having a lien on the mare and having the title to her. Hence the jury might have inferred that he understood the difference when he wrote the letter, and from the letter might have found that he did not have title to the mare; for under these circumstances it cannot be said that no inferences unfavorable to plaintiff's testimony might have been drawn by the jury; and under the rule announced in *Skillern* v. *Baker,* 82 Ark. 86, and *Merchants Fire Insurance Co.* v. *McAdams,* 88 Ark. 550, the cause should have been submitted to the jury.

For the error in directing a verdict for the plaintiff, the judgment is reversed, and the cause remanded for a new trial.