HARRIS v. BUSH, RECEIVER OF ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered June 11, 1917.

1. APPEAL AND ERROR—REVERSAL—SUFFICIENCY OF THE EVIDENCE.— A cause will not be reversed on appeal, where the verdict is supported by any substantial evidence; and in determining whether the verdict is supported by substantial evidence, the strongest probative force will be given to the testimony, and every reasonable inference deducible therefrom in favor of the party receiving the verdict.

2. RAILROADS—INJURY TO PASSENGER—INSTRUCTION ON NEGLIGENCE. —Where a passenger alleged that she received an injury caused by the sudden jerk of the train, and there was evidence that the train was not jerked at all, it is proper for the court to tell the jury that the railroad company would not be responsible for an accidental injury, unless it was the result of some negligent act on the part of the railroad company in operating its train.

3. EVIDENCE—UNCONTRADICTED EVIDENCE—TESTIMONY OF PARTY IN INTEREST.—The statement of a party to a suit, who is interested in the result, will not be regarded as undisputed, if any reasonable inference can be drawn from the facts stated or the other facts and circumstances in the case, unfavorable to his conclusions.

4. RAILROADS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.— Appellant, a passenger on appellee's train, testified that she received an injury because of a severe jerk of the train. All the train crew and two passengers testified that there was no severe jerk. *Held*, that if plaintiff did receive the injury as alleged, that it was caused by something other than a jerk of the train, and that it was proper for the court to instruct the jury upon the issue of contributory negligence.

Appeal from Garland Circuit Court; *Scott Wood*, Judge, affirmed.

*Rector & Sawyer*, for appellant.

1. The verdict is contrary to the testimony on every material point. The verdict should have been for appellant. She was injured in the way she said she was, by a sudden, violent jerk of the train, and the court erred in giving instructions 9 and 11 for appellee. A *prima facie* case was made that the injury was caused by the operation of the train and the burden of proof shifted to the appellee. 82 Ark. 365; 75 *Id.* 409.

2. The sole defense is negative testimony, that there was no unusual jerk. 152 Pa. 326; 150 Mass. 214; 117 Ark. 461; 50 *Id.* 482; 44 *Id.* 448.

3. Instruction 9 is not the law and is confusing. 29 Cyc. 652.

4. There was no evidence of contributory negligence and No. 11 was error. 70 Ark. 443.

*E. B. Kinsworthy, W. R. Donham* and *R. E. Wiley*, for appellee.

1. There was testimony to support the jury's finding, and this court will not disturb the verdict.

2. There was no error in the instructions. Only a general objection was made to No. 9. Appellant should have specifically called the attention of the trial court to any verbal inaccuracy or confusing meaning therein. If counsel desired the words "mere" and "accident" more fully explained or defined, they should have specifically so requested. No. 11 as to contributory negligence was justified by all the circumstances and the evidence. This was a case peculiarly for a jury and they have decided

against her.    This court sits to correct errors and not
to determine issues of fact, which is the sole province of
a jury.

HUMPHREYS, J. Appellant instituted suit against
appellee in the Garland Circuit Court to recover damages for the injury received in the ladies' dressing room
of a Pullman car, on account of the alleged negligence
of appellee in operating its train at Argenta, Arkansas;
that the negligence consisted in operating the train in
such manner as to suddenly and violently jerk the car
and throw appellant from the chair in which she was
sitting against the floor and wall of the dressing room,
thereby seriously injuring her left limb and hip.

Appellee denied each material allegation in the complaint, and, by way of further defense, pleaded contributory negligence on the part of appellant. The cause
was submitted to the jury upon the pleadings, evidence
and instructions of the court. The jury returned a verdict for appellee, and in accordance therewith a judgment was rendered by the court, from which appellant
has properly prosecuted an appeal to this court.

Appellant's first assignment of error is that the verdict is contrary to the weight of the evidence. Appellant in substance testified that she was *en route* from St.
Louis to Hot Springs; that about 7 o'clock A. M. she went
to the ladies' dressing room, and, after dressing, sat
down on a chair in front of a mirror and was in the act
of arranging her hair when the train crashed together
in such manner that she was thrown, chair and all, completely on the left side of her hip, and the back of her
head was struck; that she was dazed and unconscious
for the moment; that after lying there for a short time,
she pulled herself up by a shelf upon which the mirror
stood; that at the call of a Mrs. Taylor, who was at the
time in the room, the porter came and helped appellant
back to her berth; that the injury occurred just before
she crossed the river at Argenta; that the jerk in the
train which threw her down was a very unusual one; that

she had never experienced anything like it before; that she made a statement to the Pullman conductor with reference to the injury before reaching Hot Springs, and to her physician, Doctor Tribble, after reaching Hot Springs.

W. T. Peters, agent of the Pullman company, testified that he had an interview with appellant in the afternoon on the day the injury occurred and that she stated to him that she received the injury when the train was making the station stop at Little Rock. W. S. Perry, engineer in charge, W. J. Crowley, flagman, A. M. Fry, Pullman conductor, J. W. Nooner and Harry Quellmalz, passengers, all testified that there were no unusual jerks or lurches noticeable in the operation of the train on the morning in question. Harry Williams, an engineer of thirty-five years' experience, testified that in making usual and ordinary stops, trains will lurch backward and forward a little.

(1) This court is irrevocably committed to the doctrine that it will not interfere with verdicts supported by any substantial evidence; and in arriving at whether the verdict is supported by substantial evidence, the strongest probative force will be given to the testimony, and every reasonable inference deducible therefrom, in favor of the party receiving the verdict. Applying that test to the instant case, we are convinced that the verdict is supported by sufficient substantial evidence.

It is insisted that the court erred in giving instruction No. 9, which is as follows:

"You are instructed that nobody is responsible for a mere accident, and if you believe from the evidence that the injury which plaintiff alleges she received was due to an accident, and not because of any negligence on the part of the defendant, then your verdict must be for the defendant."

(2) There is much evidence tending to show that there was no unusual jerking or lurching of the train either at Argenta or while slowing down to stop at the

Little Rock station. Unless there was a negligent jerking or lurching of the train, it is apparent that appellant had no cause of action against appellee. In other words, if the injury was purely accidental and not the result of the negligent operation of the train, appellee would not be responsible. Under all the circumstances of this case, we think it perfectly proper for the court to have told the jury that the railroad would not be responsible for an accidental injury, unless it was the result of some negligent act on the part of the railroad in operating its train. While the instruction may be subject to criticism on account of peculiar verbiage and phraseology, we think it a substantial statement of the law applicable to the case. If objectionable on account of the use of the word "mere," or because the word "accident" was not more correctly defined, the court's attention should have been called to that fact by special objection.

(3) Lastly, it is insisted that the court erred in giving instruction No. 11, defining contributory negligence. It is said that there is no evidence in the record upon which to ground an instruction on contributory negligence; that the undisputed evidence of the appellant is to the effect that she was sitting in a chair in the ladies' dressing room arranging her hair when the train by a lurch or jerk threw her to the floor. The statement of a party to a suit, being interested in the result, can not be regarded as undisputed in the law, if any reasonable inference can be drawn from the facts stated, or the other facts and circumstances in the case, unfavorable to his conclusion. *Skillern* v. *Baker,* 82 Ark. 86; *Merchants' Fire Ins. Co.* v. *McAdams,* 88 Ark. 550; *Des Moines Life Ins. Co.* v. *Clay,* 89 Ark. 230; *Holbrook* v. *Neely,* 93 Ark. 272; *Lilly* v. *Robinson Mercantile Co.,* 106 Ark. 571.

(4) There is no escape from the conclusion that unless appellant was injured through the negligent jerking or lurching of the train, then her injury must have resulted from some carelessness on her own part. The

inherent probabilities in this record strongly point to the fact that this injury must have resulted in some other manner than the manner outlined by appellant. She has described such an unusual lurching and jerking of the train as would hardly escape the notice of all the trainmen and two disinterested passengers. It is hardly probable that she would have been the only one to receive an unusual jar. It is out of the ordinary that she should be the only one to receive a fall or injury. It is doubtful whether falling from a sitting position in a low chair would cause a fracture of the top of the femur. Under all the facts and circumstances in this case, the jury might have concluded that the injury was caused through the carelessness or negligence of appellant herself. We are of the opinion that such an inference might be reasonably drawn from the facts and circumstances, and therefore an instruction on contributory negligence has a proper place in this case.

Finding no error in the record, the judgment is affirmed.