SALZER CHEVROLET COMPANY *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

Opinion delivered December 3, 1928.

*Allyn Smith,* for appellant.

*Barber & Henry, Troy Lewis* and *Clayton Freeman,* for appellee.

KIRBY, J. Appellee brought this suit in the Pulaski Circuit Court, as a holder in due course of a contract note executed by David Connor, to recover $360 balance due of the unpaid purchase price of a Chevrolet truck sold to him on the usual sales agreement by the Smackover Chevrolet Company.

Connor denied the indebtedness on the note, and alleged that he had been released by the Smackover Chevrolet Company and its successors, by disposition of the truck to a third party with the consent of the sellers. Thereupon appellee amended its complaint, setting up the written agreement, under which it was alleged appel-

lant had become liable upon its indorsement of the Connor paper, and appellant company, successors to the Smackover Chevrolet Company, was brought in by proper service. The appellant company demurred generally, and specially to the amended complaint, and, the demurrer being overruled, answered, denying liability and that Connor had been released by it or its predecessors from his obligation.

It appears from the testimony that the predecessors of appellant company sold the truck to David Connor, in Union County, on a regular automobile title-retaining sales contract, and thereafter sold and indorsed the note and contract to the appellee company, and it is not denied that appellant company, successors to the selling company, takes its place in liability upon the contract of sale and indorsement made by its predecessors. This contract provides that "dealer is not protected against loss resulting from conversion, confiscation and collusion, under the following circumstances: (h), where any settlement is made by the dealer with the purchaser without the consent of General Motors Acceptance Corporation." After the car had been sold and the contract and note had been transferred to the appellee, Connor was allowed to sell the automobile to a third person; and he claimed release from all obligation under his contract, which was to be performed by the purchaser. This purchaser removed the automobile from the State, and it has never been found. The appellee company finally located Connor in Pulaski County, and brought suit against him for the balance of the unpaid purchase price of the truck. Connor answered, alleging he had been released by the selling company and its successor, and the complaint was amended to include the appellant company as successor to the selling company as a defendant.

There was testimony tending to show that the appellant company had released Connor from his contract of purchase, and permitted the delivery of the truck to Corn, to whom Connor, being unable to pay, had sold it, upon payment by him of a $10 fee for covering the costs of

transfer. This was denied by Salzer, of appellant company, and no contention was made that appellee, holder of the note and sales contract, had consented to or been informed of the transfer and delivery of the truck to Corn, who disappeared with it. The court instructed the jury to return a verdict for appellee against Connor, and, under instructions not objected to, the jury returned a verdict against appellant company, who alone appealed.

The appellant company could not release the purchaser of the truck from payment of the note given for the balance of the purchase money thereof and duly transferred to appellee, nor, so far as appellee was concerned, escape liability under its contract by permitting the transfer of the truck by the purchaser to a third person, without the consent of or information to the holder of the purchase money note and sales contract retaining the title thereto. The court did not err therefore in directing a verdict against Connor for the balance due on the note for the unpaid purchase money of the truck. This is true, even though it be conceded that Connor might otherwise have been relieved from liability to the selling company on account of its agreement about the transfer and sale of the truck to Corn, the third person. The question of whether appellant company had released Connor from the performance of the contract by allowing the sale and delivery of the truck to Corn, so far as concerns the parties, and would have amounted to a settlement with the seller of the truck and its conversion within the meaning of the contract between the appellee and the selling company, was submitted to the jury under instructions unobjected to, and, there being substantial testimony in support of its finding, the judgment will not be disturbed on appeal. *Harris* v. *Bush,* 129 Ark. 269, 196 S. W. 471.

Appellee had the right to bring the suit against Connor in Pulaski County, where he was found, this action being transitory, and also to maintain the suit against the appellant company, summoned in another county, upon its liability under its contract of sale and indorsement of the Connor note for the unpaid purchase money

and contract of purchase of the truck, having obtained judgment in the Pulaski Circuit Court against Connor. Section 1178, C. & M. Digest.

The appellant company, having answered after its demurrer was overruled, waived all the grounds thereof, except as to the jurisdiction of the court and the sufficiency of the complaint, and no error was committed in overruling the demurrer. We find no error in the record, and the judgment is affirmed.