RAFAELA BLANCHERO, Plaintiff and Appellee, *v.* HEIRS OF MIGUEL ROSADO, Defendants and Appellants.

No. 5525. Argued February 2, 1932.—Decided February 15, 1932.

*A. Arroyo* for appellant.   *E. H. F. Dottin* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Rafaela Blanchero, widow of Lebrón, brought an action in the Municipal Court of San Juan, First Section, against Miguel Rosado. She alleged that she had sublet to him, at a monthly rental of $2, a building lot which she held under a lease, and that the defendants owed her the rent for twenty-two months amounting to $44. She demanded judgment as follows:

". . . . . . (She) prays that at the proper time and in due course of law, this complaint be sustained and the defendants be adjudged to pay to the plaintiff the sum of $44 due up to January 30, 1929, as well as any other rentals at the rate of $2 monthly accruing from that date until the full settlement of the debt; and further that the defendants be adjudged to pay the costs and expenses of this proceeding."

The defendants answered and admitted that they owed the $44 claimed by the plaintiff, but they alleged that the plaintiff had caused them damages amounting to $304 by reason of her having closed the way to the portion of the lot sublet to them, and accordingly they prayed for a judgment of recovery in the sum of $260.

The case went to trial and the municipal court gave judgment sustaining the complaint and dismissing the cross complaint. The defendants took an appeal to the district court. The plaintiff did not introduce any evidence at the trial. She relied on the admission of the defendants. In support of their cross complaint the latter testified in their own behalf and produced as their witnesses Antonio Vélez Medina, Justo Hernández, and Dionisio Negrón.

The defendants testified that owing to the installation of a pipe by the plaintiff a quarrel ensued and she closed the way to their lot, as a result of which their tenants left, and as the way was closed during nineteen months they lost $304 as rent. Vélez Medina stated that he knew the house built by the defendants on the plaintiff's yard; also the exit of that house by the side of that of the plaintiff's towards Cerra street, which was closed from March, 1927, to November, 1928; that in March, 1927, there were tenants in the defendants' house, that he did not know how much they were paying, and that the house was not rented until November, 1928. He works for the defendants as a carpenter. Hernández testified that he went with the defendants to see their house, as their tenants had left because the exit had been closed about March, 1927, and it remained closed until November, but he did not mention the year. Negrón stated that about April, 1928, he wanted to rent the house but desisted because it had no exit. The plaintiff cross-examined at length the witnesses of the cross-complainants but failed to introduce any evidence in rebuttal.

The district judge, after the case had been closed, gave a similar decision to that of the municipal court, that is, he sustained the complaint and dismissed the cross complaint. He expressed himself thus:

"On the 21st of February the parties appeared to be heard at the trial *de novo,* the case having come on appeal from the Municipal Court of San Juan, First Section. The parties were represented by counsel, they introduced considerable evidence, and based thereon the court finds that all the allegations of the complaint have been proved and that the defendants have failed to produce satisfactory evidence in support of the allegations of their cross complaint. The court is of the opinion that the plaintiff has proved that she had sublet to the defendants a parcel of land at a rental of $2 monthly, and that these defendants owe her the rent accruing from March 30 to the present time at the rate of $2 a month. The court does not at all believe that the plaintiff has closed the way to, or prevented the defendants from entering, the house built by the latter on the

parcel sublet from the plaintiff; nor that it has taken the plaintiff 22 months to remove the obstruction, if any such existed. In our opinion the evidence is sufficiently clear, and therefore the court adjudges the defendants to pay to the plaintiff the sum of $44 claimed as the rent due from March 30, 1927 to January 30, 1929, and any further rent that shall have accrued until this judgment has been satisfied, together with the costs and expenses of this proceeding. The court likewise dismisses the cross complaint filed by the defendants and orders and decrees that, upon this judgment becoming final, a certified copy thereof be sent to the Municipal Court of San Juan, First Section, for its execution.''

The defendants then took an appeal to this Supreme Court. In their brief two errors are assigned which we will analyze after disposing of a question of jurisdiction raised by the appellee in her brief, to wit: That as the defendants prayed for a recovery of only $260 notwithstanding the fact that they claim the sum of $304 as damages, it should be concluded that the amount in controversy is under $300 and therefore no appeal to this Supreme Court lies.

We do not agree. If the cross complaint be considered for the purpose of determining the amount in controversy, then it should be admitted that although the defendants and cross-complainants may have acknowledged that they owed $44 and prayed on that account for judgment in the sum of $260, the fact is that they claim $304 as the actual damages suffered. See *Horace Waters Co.* v. *Claboguera,* 42 P.R.R. 911.

The appellants designate the first error assigned as one of jurisdiction. They maintain that since the prayer of the complaint is not only for $44 for arrears of rent but also for rent accruing up to the execution of any final judgment that the plaintiff might obtain, if the said rent ever exceeded $100, in view of the remedy resorted to by the plaintiff, that is, Act No. 10 of 1921, establishing special proceedings in the municipal courts of Puerto Rico and for other purposes, the district court would be without jurisdiction.

In the first place, the cross-complainants and appellants are precluded from invoking said Act No. 10 of 1921, as by filing their cross complaint praying for $304 as damages, they themselves took the action out of the restricted scope of the procedure established by the said Act and placed it within the wider sphere of the ordinary actions tried before municipal courts where the amount in controversy may extend to $500.

In *Rosa* v. *District Court,* 38 P.R.R. 535, 536, it was held that "where by means of a counter complaint in an action falling under Act No. 10 of 1921 a claim is set up for a sum greater than $100 the case is not within the scope of that special legislation and it is unnecessary to have the original record of the municipal court brought up within five days after appealing from the judgment."

We think that no recovery can be had, as was sought in the present case, for rent accruing after the filing of the complaint and even after entering judgment for the plaintiff, and therefore that no valid judgment in that sense could have been rendered. But, in our view, no question of jurisdiction is involved.

The complaint simply alleges such facts as show the debt of $44 claimed. It is in the prayer that judgment is demanded in the manner just mentioned. The prayer having been controverted; the judgment could and should have been rendered only granting a recovery of the $44. This was not done. The court went farther than it should have gone, but its judgment can be modified by this Court by reducing the same to its proper limits.

The other error assigned raises a very interesting question. It is thereby maintained that the district court acted with manifest partiality in weighing the evidence of the cross-complainants. It is stated in the brief:

"The plaintiff failed to introduce any evidence whatsoever, either to controvert the *res litis,* or even to impeach the testimony of the witnesses. There was no evidence showing that any of the witnesses

had been previously convicted of perjury. Nor does the judge state in his opinion that the witnesses acted while on the stand in such a dubious manner, either by their conduct or gestures in their facial expression, as might lead him to the conviction that they were not telling the truth."

Then they ask:

"Can a judge arbitrarily refuse to believe two or more witnesses where their testimony is not conflicting, their reputation as to veracity has not been impeached by the other party, and the subject matter of the examination is not necessarily unbelievable?"

Their answer is in the negative, relying on the following authorities:

" 'When a disinterested witness, who is in no way discredited by other evidence, testifies to a fact within the knowledge of such witness, which is not in itself improbable or in conflict with other evidence, the witness is to be believed, and the facts so given are to be taken as legally established. As against a mere suspicion of falsity, such evidence justifies a directed verdict, since the jury would not be at liberty to disregard the testimony.' *Skillern* v. *Baker*, 82 Ark. 86, 100 S. W. 764, 118 A.S.R. 52, 12 Ann. Cas. 243 and note; *St. Louis, etc. R. Co.* v. *Ramsey*, 96 Ark. 37, 131 S.W. 44, Ann. Cas. 1912B 383; *In re Miller*, 49 Ore. 452, 90 Pac. 1002, 124 A.S.R. 1051, 12 Ann. Cas. 277; *Brown* v. *Peterson*, 25 App. Cas. (D.C.) 359, 4 Ann. Cas. 980, 10 R.C.L. 1006, par. 194."

We hold that a judge is not bound to believe the testimony of one or more witnesses provided the attendant circumstances compel him conscientiously to give no credence thereto. Of course, he can not act arbitrarily. We have said conscientiously.

There is no doubt that we would have been better satisfied in this case had the district judge been more explicit in his opinion. It can not, however, be contended that he absolutely failed to state the grounds for his conclusion. It is true that the plaintiff failed to contradict the positive statements of the witnesses for the defendants. She confined herself to cross-examine them. By her action she risked losing her case. Perhaps her conduct was due to the impression made on her

by the witnesses and to her confidence in the trial judge. Under those circumstances, although with some doubt, we do not feel ourselves inclined to reverse the judgment.

For the foregoing reasons, the said judgment should be modified by eliminating therefrom the following words: "as well as other rentals at the rate of $2.00 monthly accruing from that date until the full settlement of the debt"; and, as so modified, the judgment is affirmed.