MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE, *v.* THOMAS, ADM'X.

4-5338                                          124 S. W. 2d 820

Opinion delivered January 23, 1939.

566

[redacted]

*Thomas B. Pryor, David R. Boatright* and *W. L. Curtis,* for appellant.

*D. H. Howell,* for appellee.

HOLT, J. Appellee, Mrs. Flora Thomas, administratrix of the estate of Lee Thomas, deceased, began this action in the Crawford circuit court against Guy A. Thompson, trustee in bankruptcy for the Missouri Pacific Railroad Company, a corporation, and R. E. Hendren and J. P. Brown, to recover damages for the injury and death of Lee Thomas, appellee's husband. A trial was had and a jury returned a verdict in favor of defendants, Hendren and Brown, but against the trustee of the railroad company, in the sum of $2,000.

In her complaint appellee alleges that defendants were negligent in the following manner: "That the defendant, Guy A. Thompson, trustee, his agents, servants, and employees and R. E. Hendren, engineer, and J. P. Brown, fireman, in charge and operating said train approached the scene of the accident at the great, unsafe and dangerous rate of speed of fifty miles per hour, ran down, injured and killed the deceased without sounding the bell, blowing the whistle or giving any warning whatever of

the approach of the train. Plaintiff alleges that the defendants in operating said train neglected and failed to keep a proper lookout for persons and property on the railroad track and right-of-way, and that had a proper lookout been kept they could have seen deceased on or near the track in time to have stopped the train and prevented injuring and killing him.'' She further alleged that the deceased at the time he was struck and killed was near the end of the cross ties forming defendant's track and was there by the consent of the railroad company; and was upon an extensively traveled path used by the public generally.

The defendants filed a joint answer in which they denied every material allegation set out in the complaint and in addition thereto set up the contributory negligence of appellee's intestate and that he was a trespasser at the time of the accident, which resulted in his death.

Appellants in apt time filed their petition and bond for removal to the federal court. This petition was overruled by the trial court and removal denied, to which action appellants duly excepted.

The principal ground of error urged upon this court is that the plaintiff, under the law and evidence, failed to make out a case against the defendants and that the trial court erred in refusing to instruct a verdict on behalf of the defendants.

The material facts, as disclosed by this record, substantially are: Some time early in the afternoon of October 24, 1937, Lee Thomas, husband of appellee, according to appellee's testimony, was seen walking on the railroad company's right-of-way, about a quarter of a mile from Lee's Creek bridge, traveling east toward Van Buren, in the direction in which the train that struck him was traveling, and at the time, according to appellee's testimony, was either walking between the rails or on the ends of the ties. According to the testimony of engineer Hendren, who, it is conceded, was the only eye-witness to the fatal accident, the deceased Thomas was walking about four feet from the rail when he first discovered him and that he continued about this distance from the rail down the track with his back to the engineer until the

engine was within a few feet of him when deceased suddenly stepped near the track and was hit and killed by the engine. The engineer further testified that he was keeping a lookout and first saw the deceased, Lee Thomas, when within 450 to 500 feet of him, and that he immediately began to blow his whistle, some ten or twelve times, to warn Thomas, but that Thomas paid no heed to his warning; that his train consisted of fifty-two cars, about half of which were empties, and was moving at a speed of about thirty-five miles per hour, at the time. The engineer, Hendren, testified that he could not have stopped the train, after he first discovered appellee's intestate, before striking him; that he could not have stopped it under about 1,200 feet. There was some testimony on the part of appellee, however, that the train could have been stopped within about 600 feet. There is testimony on the part of appellee that no whistle was blown and no warning signal given to deceased. The record, also, reflects that appellee's intestate might have been seen by the engineer, Hendren, for a distance of one thousand feet or more had a lookout been kept and that a stiff wind was blowing in the deceased's face, and toward the train, at the time. There is testimony on the part of appellant that the deceased met his death on the second or right-hand curve after the railroad track crosses Lee's Creek bridge. The testimony on the part of appellee, however, is to the effect that deceased was struck and killed on the first or left-hand curve after crossing the bridge going east.

Although there is some testimony in this case of a pathway which was being used by the public generally at the point on appellant's right-of-way where the deceased was killed, we are of the opinion that under all the facts as disclosed by this record, the deceased, Thomas, at the time he met his death was a trespasser, or at the most a bare licensee, and in accordance with a long line of decisions from this court, the only duty which the railroad company owed him at the time was not to willfully or wantonly injure him after discovering his perilous position, or if, by the exercise of ordinary care, it could have discovered him in such position in time to have

avoided the injury. In the case of *Baldwin* v. *Clark,* 189 Ark. 1140, 76 S. W. 2d 967, this court, in stating the rule applicable here, said: ''Under § 8569, where a trespasser is killed on the track, there is no presumption of negligence on the part of the railroad company, but the plaintiff must show a failure to keep a lookout, and show that if a proper lookout had been kept, the railroad company could, by the exercise of reasonable care, have avoided the injury.''

We have reached the conclusion that, when we give to the evidence in this case its strongest probative force in favor of appellee as we must do, we cannot say as a matter of law, as is insisted by appellant, that a man walking not more than four feet from the rail, as engineer Hendren's testimony shows the deceased to have been walking at the time he was struck and killed, was in a place of safety, and that no duty rested upon engineer Hendren, or the defendant railroad company, in the exercise of reasonable care, to warn the deceased Thomas of the train's approach by blowing the whistle or ringing the bell. We think under this record that it was a question for the jury to say whether or not the deceased walking not more than four feet from the rail, as appellant contends, was in a place of safety or one of peril.

In *St. Louis-San Francisco Ry. Co.* v. *Williams,* 180 Ark. 413, 21 S. W. 2d 611, the rule applicable, as to the duty which appellant owed appellee's intestate, is very clearly stated as follows: ''The only duty owing to her, as a trespasser under the common law, was to exercise ordinary care under the circumstances to avoid injuring her after discovering her presence on the track and consequent peril. But, by an act of the General Assembly approved May 26, 1911, which appears as § 8569, Crawford and Moses' Digest, it is made the duty of all persons running trains in this state to keep a constant lookout for persons and property upon the track, and it is therein provided that, if any person or property shall be killed or injured by the failure to keep such lookout, the railroad company operating the train is made liable and responsible for all damages resulting from such neglect, notwithstanding the contributory negligence of the per-

son injured, where, if such lookout had been kept, the person charged with the duty of keeping it could have discovered the peril of the person injured in time to have prevented the injury, by the exercise of reasonable care after the discovery of such peril, and the burden is imposed upon the railroad to establish the fact that the duty to keep such lookout had been performed."

Appellant very earnestly insists that since the engineer, Hendren, was the only eye-witness to the injury to appellee's intestate, which resulted in his death, his evidence cannot be arbitrarily cast aside by the jury and, therefore, must be treated as undisputed and uncontradicted. This contention would be correct were it not for the fact that the engineer, Hendren, was a party defendant in this case, and remained so throughout the trial and until the verdict of a jury finding in his favor. This very question and contention was raised in the case of *Kansas City Southern Ry. Co.* v. *Cockrell,* 169 Ark. 698, 277 S. W. 7, wherein the facts are similar on the principle involved, to the facts in this case. There the plaintiff sued the railroad company and its conductor, Roberts, and a jury found in favor of Roberts but against the railroad company, and there the rule was restated that the testimony of a party to an action interested in the result, cannot be regarded as undisputed in testing the legal sufficiency of the evidence. We quote from Chief Justice McCulloch's opinion as follows: "The plaintiff failed, as against Roberts, to make out a case against him, the burden of proof being upon plaintiff to do so, but Roberts' own testimony, though containing absolute denial of fault on his part, did not, as against appellant, constitute undisputed evidence of nonliability. His testimony afforded no affirmative evidence of negligence and added nothing to the plaintiff's case against him or the appellant. It did not constitute undisputed evidence of nonliability, for he was a party to the suit, and the rule established by our court is that the testimony of a party to an action interested in the result cannot be regarded as undisputed in testing the legal sufficiency of the evidence. *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243." We do not think it can be

said, therefore, that the testimony of the engineer, Hendren, is undisputed or uncontradicted.

It was finally contended by appellant that the trial court erred in overruling and denying its petition and bond for removal of the case to the federal court. We do not think any error was committed in this regard. We think the case of *Kansas City Southern Ry. Co.* v. *Cockrell, supra,* and *Chicago, Rock Island & Pacific Ry. Co.* v. *McKamy,* 180 Ark. 1095, 25 S. W. 2d 5, are against appellant's contention and control here. See, also, the well considered case of *Missouri Pacific Railroad Co.* v. *Miller,* 184 Ark. 61, 41 S. W. 2d 971, where this question was very extensively discussed by Mr. Justice BUTLER and is against appellant's contention here.

No complaint is made on the amount of the judgment, and, no errors appearing, we concluded that the judgment should be affirmed, and it is so ordered.