BRUMLEY *v.* STATE.

Opinion delivered June 17, 1907.

1. PUBLIC ROAD—COLLATERAL ATTACK UPON ORDER ESTABLISHING.—An order of the county court establishing a public road is not void on collateral attack because it recites that the proceedings for the establishment of the road were begun by the petition of ten citizens, instead of ten freeholders, of the county, nor because it does not recite that notice was given to the landowners through whose lands the proposed road extended. (Page 237.)

2. SAME—ABANDONMENT.—The fact that the road overseers had not repaired or worked a road within seven years did not constitute an abandonment of the road by the public. (Page 238.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

*Henderson & Campbell,* for appellant.

1. The order of the county court was void for want of jurisdiction, in that it shows that the petition was signed by ten citizens, whereas the statute requires that it be signed by ten freeholders; and the order also fails to show that five days' notice in writing had been given to the owners of the land to be affected by the proposed road. Kirby's Dig. § § 2993-2999. The order

was therefore incompetent as evidence. The county court having acquired no jurisdiction, its order was a nullity, and may be collaterally attacked. 1. Black on Judg. 278; Abbott's Trial Brief, Mode of Proving Facts, 518; 51 Ark. 34; 64 Ark. 108.

2. It was error to permit E. G. Schoonover, an attorney, to testify as to statements made to him by the defendant. Any statement made by a client to his attorney is privileged and not admissible in evidence, even though no fee is charged by the attorney or paid. 33 Ark. 771.

3. The court erred in refusing the second instruction requested by defendant. 18 L. R. A. 156; 41 Ark. 45; Tiedeman on Lim. Police Power, 394.

*William F. Kirby,* Attorney General and *Dan'l Taylor,* Assistant, for appellee.

1. An order of a county court establishing a highway is not subject to collateral attack. 47 Ark. 431; Van Fleet on Coll. Attack, 259. Moreover, a judgment is not invalid because it fails to recite each successive step in the establishment of a highway.

2. The second instruction asked by defendant was properly refused. There was no evidence on the part of defendant to support it.

RIDDICK, J. This is an appeal by G. W. Brumley from judgment of the Randolph Circuit Court convicting him of the crime of obstructing a public road in district number 4 of Randolph County known as Skinner Ferry and Glasco Road by building a fence across it. For this offense the defendant was adjudged to pay a fine of five dollars and costs.

On the trial the State introduced an order of the county court showing that a public road had been duly established in 1893, beginning at Skinner's Ferry on the east bank of Current River and going up the east bank of the river about one hundred yards and thence turning east and extending to the Pocahontas and Poplar Bluff road at the corner of Glascoe's field. Counsel for the defendant contend that this order of the county court was void because it recites that the proceedings for the establishment of the road was begun by the petition of ten citizens, instead of ten freeholders, of the county, and because it does not recite that notice was given to the landowners through whose

lands the proposed road extended. But the county court in the matter of laying out and establishing the public roads of the county is a court of superior jurisdiction; and when its orders in reference thereto are called in question in a collateral proceeding, the presumption is in favor of their validity. The order establishing the road in this case recites that the petition was filed by ten citizens of the county; and, as there is nothing to show to the contrary, we must presume that they were freeholders as well as citizens. The order recites that notice of the petition 'had been given as required by law," and this was a sufficient showing of notice on a collateral attack when there is nothing to rebut the presumption that notice was given. *Pierce* v. *Edington,* 38 Ark. 150.

This case is quite different from the case of *Gibney* v. *Crawford,* 51 Ark. 34. The jurisdiction of the court in that case depended altogether upon the statute under which the proceedings were had, and this court held that the jurisdictional facts required by the statute must affirmatively appear. But the jurisdiction of the county court in matters relating to the public roads of the county is conferred by the Constitution. Const. 1874, art 7, § 28. While the court must follow the statute in reference to laying out and establishing public roads, this court, where a collateral attack is made on the order of a county court establishing a public highway, will, in the absence of a showing to the contrary, presume that the statute was followed, and that the order is valid.

For this reason the court did not err in refusing the first instruction asked by the defendant that it must affirmatively appear that the petition was signed by ten freeholders of the county, that notice was given, and all steps required by the statute taken, or the order was void.

The second instruction asked was also properly rejected, for it told the jury they should find for the defendant if the road had not been used by the public as a public road in seven years *next* before the finding of the indictment, or if it had been abandoned as such for more than seven years, and if no road overseer had worked it as a public road during that time. The evidence shows that the road had been used by the public up to the time of its alleged obstruction in 1906, though the travel on

the road was limited, and the road not much used. The fact that the road overseers had not repaired or worked the road within seven years did not constitute an abandonment of the road by the public, and there was no evidence to justify this instruction.

Nor do we think the court committed any error in admitting or refusing evidence, but there is serious question as to whether the evidence is sufficient to sustain the judgment. The evidence shows that the Skinner ferry and Glasco road, which was alleged to have been obstructed, ran up the river from the ferry about one hundred yards and then turned eastward to the Glasco place. There was also evidence that, besides this public road that ran up the river from the ferry, there were one or two wagon roads that ran out east from the ferry towards the Glasco place, but these were not, so far as the evidence shows, public roads. Now, the witnesses for the State, in describing the road that was obstructed, say that it "ran out about east from the ferry." Not a witness who testified to the obstruction said that this fence was across the road that ran up the river from the ferry and then turned east, but, so far as they described the road that was obstructed, they said that it ran out east from the ferry towards the Glasco place; while a number of witnesses for the defense stated that the public road that ran up the river was never obstructed, and that the fence complained of was built across one of the dim wagon roads that led out east from the ferry. It is true that one witness testified that the public road which ran up the river was a "three-notched road," that is to say, the trees along the side of the road were marked with three notches, and another witness testified that the road obstructed was a three-notched road, but that does not show that they were the same, for the other roads may have been three-notched roads also, for it is not shown whether they were or not. The only witness whose testimony tends to show that the public road leading from the ferry to the Glasco place was obstructed was a witness who testified that he had an interest in the ferry, and that the fence was built across the road leading from the ferry towards the Glasco place, and that after the fence was built "the ferry quit business, as there was no way to get from the ferry to the public road at the Glasco place." In other words, this witness testified in substance

that the fence was built across the only road from the ferry to the Glasco place, and, as other witnesses testified that the public road ran from the ferry to the Glasco place, the jury had the right to find that it was the public road that was obstructed. This being so, we must affirm the judgment, though we feel some doubt about the correctness of this finding, not only on account of the positive evidence to the contrary introduced by defendant, but for the reason that the court, in his charge to the jury, told them that if the road obstructed had been used by the public as a public road more than seven years it was not material whether it had been established by an order of the county court or not. Now, the evidence shows that none of the roads that led out from Skinner's ferry towards the Glasco place had ever been worked as public roads.   They were dirt roads leading through unfenced and wild lands, and the mere fact that the public may use such roads leading through the open forest for seven years or over does not as a rule make them public roads.   When the public use a road running through open and unfenced lands without any order of the county court making it a public road and without any attempt to work it or exercise authority over it as a public highway, the presumption is that the use of the road is not adverse to the rights of the owner of the land, but by his consent.   When he needs the land, he may withdraw his consent, fence the land and exclude the public without violating the law.   But there was in this case no objection to this instruction, and after careful consideration of the matter we are not able to say that there was not evidence sufficient to sustain the verdict.

Judgment affirmed.