## HOLT v. CRAWFORD COUNTY.

Opinion delivered December 7, 1925.

1.  HIGHWAYS—ACQUIREMENT BY PRESCRIPTION.—Evidence that a road was continuously used by the public without let or hindrance for more than seven years with the knowledge of the landowner and without any act on his part showing that the use was permissive, held sufficient to support a finding that the public had acquired the road by prescription.

2.  EMINENT DOMAIN—OFFSET OF BENEFITS.—Where the public had a prescriptive right in an old road through a forty-acre tract, an application by the public for a new road parallel to the old one held an abandonment of the old road, and to warrant an offset of benefits against damages.

3.  EMINENT DOMAIN—SURRENDER OF EASEMENT RIGHTS.—Where the public had acquired prescriptive rights in a road which the landowner was threatening to fence, application by the public for a new road parallel to the old one was not such a surrender of the rights in the old road as would prevent the offsetting of damages and benefits, as the abandonment of the old and taking of the new amounted to one transaction.

4. EMINENT DOMAIN—SET-OFF OF DAMAGES.—The benefits accruing to an owner's land may be taken into account in assessing damages for taking land for a public road.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*Starbird & Starbird*, for appellant.

*R. S. Wilson* and *Dave Partain*, for appellee.

HUMPHREYS, J. The only question presented by this appeal for determination is whether the trial court, sitting as a jury, erred in refusing to allow appellant compensation for building and maintaining a fence on each side of the public road laid out through his land on petition in the county court, and for the cost of an underground passage for hogs and cattle to pass from one side of the road to the other in order to get water. The trial court allowed appellant damages only for the land taken in laying out the road.

The record reflects the following undisputed facts: the public had passed over the land for twenty-five or thirty years on a road west of a creek running through the land, which had not been worked by the road overseer; the old road ran through land susceptible to cultivation, and part of it was bottom land; the land was an unfenced, wooded tract, which appellant decided to fence in for a stock pasture after the passage of a stock law in that community, and, when he notified the public of that fact, they proceeded by petition in accordance with law to lay out a road through the forty-acre tract on the hillside east of the creek. After the same was laid out, the public used the new, instead of the old, road.

The disputed issues of fact revealed by the record relate to whether the public had acquired the right to the old road by prescription, and whether the benefits growing out of the removal of a road from the west to the east side of the creek offset the damages to appellant's land resulting from taking the new road.

On the first issue most of the witnesses testified that the old road had been used by the public generally for

twenty-five or thirty years without let or hindrance by appellant until he threatened to fence the tract through which it ran. Appellant himself testified that the old road had been used by his permission. On the second issue some of the witnesses testified that the benefits accruing to appellant's land on account of the removal of the road exceeded the damages thereto on account of opening the new road. The court found against appellant on both issues.

Appellant contends for a reversal of the judgment offsetting his damages with benefits because the public had no prescriptive rights, under the law, in the old road. In support of this contention, he cites the case of *Brumley* v. *State,* 83 Ark. 236, in which the rule was announced that where the road was used by the public without an order of court through wild, unused land, the presumption is that it was used by permission or consent of the owner of the lands. In the instant case, even if such a presumption existed, it was not conclusive, and might be overcome by facts and circumstances adduced in evidence. All the witnesses testifying upon the point, except appellant, testified that the road was continuously used by the public without let or hindrance for more than the statutory period of seven years, with the knowledge of appellant, and without any act on his part, showing that the use was permissive. This testimony, under the rule announced in the case of *McCracken* v. *State,* 146 Ark. 300, is legally sufficient on appeal to support the finding and verdict of the court to the effect that the public had acquired the old road by prescription. Appellant argues, however, that there is no evidence in the record tending to show an abandonment of the old road, so that appellant could fence in the land through which it ran and thereby derive a benefit from its use. The application by the public for a new road near and parallel to the old road through the same forty-acre tract on account of appellant's threat to fence up the land constituted an abandonment of the old road in exchange for the new road and warranted an offset of benefits against damages on

account of the exchange of roads. We think there is nothing in the suggestion of learned counsel for appellant that the abandonment of the old road was in itself a surrender of its easement rights to appellant in the sense that the public could not thereafter use the benefits accruing to appellant as an offset against his damages on account of taking the new road. The abandonment of the old road and the taking of the new amounted to one transaction, and there is no good reason why the benefits accruing to the appellant in the exchange of the roads could not be taken into account in assessing his damages. The rule is well settled that, in taking private property for public use, the benefits accruing to the owner's land may be taken into account in measuring his damages. *Cribbs* v. *Benedict,* 64 Ark. 555; *Scott* v. *Bridge District,* 103 Ark. 412; *Weidemeyer* v. *Little Rock,* 157 Ark. 5.

No error appearing, the judgment is affirmed.