CADDO RIVER LUMBER COMPANY *v.* RANKIN.

Opinion delivered June 13, 1927.

1. PRIVATE ROADS—INJUNCTION AGAINST INTERFERENCE.—In a suit by a lumber company to restrain the owner of land from closing a private road or interfering with the company's use thereof, evidence showing that use of the road had not been adverse *held* to warrant a denial of the injunction.

2. TRESPASS—DAMAGES.—In a suit to restrain the owner from closing a private road or interfering with the use thereof by a lumber company, evidence *held* to justify the chancellor's finding that $100 would fully compensate the owner for damages to the land by the use of the road.

3. TRESPASS—EVIDENCE—DAMAGES.—In a suit to restrain the owner from closing the road, or interfering with the use thereof by a lumber company, evidence *held* insufficient to justify an award of damages to the owner for injury to a spring on the land and for timber cut and removed.

4. HIGHWAYS—PRESUMPTION AS TO USE OF ROAD.—Where the public use a road across open and uninclosed lands without a court order, making it a public road, and without any attempt to exercise authority over it as a public highway, the presumption is that the use is by consent of the owner of the land, and not adverse.

Appeal from Montgomery Chancery Court; *W. R. Duffie,* Chancellor; modified.

*C. H. Herndon* and *McRae & Tompkins,* for appellant.

*J. R. Long,* for appellee.

MEHAFFY, J. The appellee was the owner of certain land in Montgomery County, Arkansas, across which an old road ran, and the Caddo River Lumber Company, in carrying out its operations, used said road for about

two weeks in hauling logs. Appellee forbade them to use the road further, and threatened to close the road. The lumber company then brought suit to enjoin the appellee from closing the road or interfering with its use of the same.

The lumber company alleged in its complaint that, on account of the Ouachita River, it and several other residents in the community had no other way of getting into any public highway without using the road and crossing the lands of the appellee. There had been an old road across the land in question for more than 30 years, and the said road had been used by the residents of the Qualls land, the Pike lands, and the Martha Rankin lands, and the public, in getting out to the Mount Ida highway, and such use of the road had been open, notorious, adverse and uninterrupted as against the owners of the lands traversed by the road, and, as a result of such long-continued and adverse user, the residents of the farms in question and the public in general have acquired a right by prescription. That, at the time the appellee forbade the company haulers to use the road further, the company had down in the woods adjoining defendant's land a large quantity of timber, for which it had no outlet other than the road in question, and that, unless it was permitted to use said road, its down timber would be a loss and its remaining timber would be of no value. That the use of the road did not damage the lands.

The defendant demurred to the complaint, which demurrer was overruled by the court. He then filed answer, and denied the long-continued and adverse user of the road in question, and denied that it was the only accessible outlet to the Mount Ida highway. Defendant alleged that the use of the road had at all times been permissive, and that the land through which the road ran was open, wild, unimproved and uninclosed. The answer further alleged that the company had, without right, used said road with heavily loaded eight-wheeled wagons, to defendant's damage in the sum of $225.

Alleged that the use of the road damaged his lands, and that the company haulers stopped their teams and shod their mules near a certain spring, to his damage in the sum of $50, and that the haulers further damaged him in the sum of $25 by cutting and removing timber from his lands.

The chancellor found that the road was private and not public, and that the use had been permissive and not adverse, and that defendant should have judgment for $100 for damages caused by the use of said road, $25 for damages to the spring, and $8 for damages for timber cut and removed.

The lumber company excepted and prayed an appeal to this court, which was granted.

There is very little dispute about the testimony, and we think it unnecessary to set it out in full. There was no controversy about the land through which the road ran being open, wild, unimproved and uninclosed. There is no testimony tending to show that the public or any one else had ever claimed any adverse right or any right at all against the objections of appellee. The road had been there for probably more than 30 years, and a few neighbors had been using the road, but not only the public, but those neighbors who used that road, so far as the proof shows, had never claimed any right adverse to the owner of the land. The testimony showed that the defendant had used five eight-wheeled wagons for about a week and that they later used thirteen wagons for about a week. The testimony also shows that there was some damage resulting from the use of the road, and, while there is no testimony that any timber was cut or used, there is testimony showing that small timber had been skinned and bruised, and also testimony showing that the road had been made wider and at one place the road had been changed about 25 feet from the old road.

We think the chancellor was clearly correct in holding that the lumber company had no right to use it against the objections of the owner of the land. Testi-

mony shows that the 40-acre tract of land was worth approximately $600, and practically the only testimony with reference to the amount of damages was that of the plaintiff, who testified that he figured he had been damaged $300. But the evidence as to what was actually done shows that the damage was rather slight, and, from the testimony, there was very little damage to the spring. In fact, the proof showed that it would only have taken an hour or two to clean the spring out, and the other damage about shoeing mules close to the spring shows not only slight damage but that the damage could be repaired for a nominal sum. There is no testimony in the record showing the amount of damage either done to the spring or to the timber, and, from the evidence in the case, we are of the opinion that the $100 awarded by the chancellor for damage to land is full compensation for all the damage done by the lumber company, and that there is no evidence in the record as to the amount of damage done to the spring or the amount of damage to the timber.

It is unnecessary to set out the testimony more fully. We have examined it all carefully, and are thoroughly convinced that the chancellor was correct in finding that the use of the road had not been adverse, and that the appellee was entitled to an injunction.

This court has said in a case where the facts were very similar:

"It is unnecessary to set out more of the testimony. We have examined it all and are thoroughly convinced that the finding of the trial court to the effect that the use of the roadway by the public had not been adverse but permissive is not against the preponderance of the evidence." *Brumley* v. *State*, 83 Ark. 236, 103 S. W. 615.

Among other things we said:

"When the public use a road running through open and unfenced lands, without any order of the county court making it a public road and without any attempt to work it or exercise authority over it as a public highway,

the presumption is that the use of the road is not adverse to the rights of the owner of the land, but by his consent. When he needs the land, he may withdraw his consent, fence the land, and exclude the public without violating the law.''.

In *Sharp* v. *Mynatt,* 1 Lea (Tenn.) 375, it is held, (quoting syllabus):

''Mere user by permission of landowner of a way over his land cannot establish a right to a public way, unless such user is shown by facts and circumstances showing the user by the public under a claim of right, and not simply by permission, actual or tacit, of the owner. The fact that the road had never been worked, repaired, taken control of by the public, or overseers appointed, is an important element of evidence against such claim of right, though not conclusive.'' *Merritt Mercantile Co.* v. *Nelms,* 168 Ark. 46, 269 S. W. 563.

There is no evidence in this case tending to show that there was ever any order of court making this a public road or any attempt to work it or exercise authority over it as a highway, and there is no evidence either of facts or circumstances showing that the public used it under claim of right.

The decree will therefore be modified and affirmed for $100. It is so ordered.