BRIDWELL *v.* ARKANSAS POWER & LIGHT COMPANY.

4-3936

Opinion delivered July 8, 1935.

*George W. Reed,* for appellant.
*Brundidge & Neelly,* for appellee.

JOHNSON, C. J. This controversy arises out of the alleged existence of an easement acquired by adverse possession across the tract of real estate designated as "Bridwell Property" on this map.

RELATIVE LOCATION OF PROPERTY
BELONGING TO ARKANSAS POWER & LIGHT CO.
AND J. H. BRIDWELL, HEBER SPRINGS, ARK.
Scale - 1" = 200'

Appellee instituted this action against appellant in the Cleburne County Chancery Court, alleging that appellant owns the tract of land indicated on the above map as "Bridwell Property" and that appellee owns the small tract of land lying east and adjacent to appellant's tract upon which is located its ice plant; that the only road of ingress and egress from the village of Heber Springs, Arkansas, to appellee's ice plant is a road or way which passes over appellant's tract of land; that said road or way has become a public easement because of continued and adverse use by the public for more than ten years prior to the filing of this suit; that, sometime prior to the filing of the suit, appellant unlawfully and without legal right erected a fence across the public way aforesaid, and appellee prayed judgment that said road be opened for public use by mandatory injunction.

Appellant filed an answer in which he denied the adverse use of the way by the public and affirmatively alleged that the uses of the way by the public during the time alleged was by permission of the owners of the fee. Appellant also filed a cross-complaint seeking damages of unlawful uses by appellee, not only for the unlawful uses of the way, but for storage and the erection of electric light wire poles, etc.

On the issues thus joined, testimony was adduced by appellee to the effect that for some fifteen or twenty years prior to the filing of the suit the public generally had used the road or way across appellant's tract of land for ingress and egress to its ice plant, and that appellant had closed the way without lawful right. Appellant's testimony tended to show that during the period of use by the public his tract of land was unoccupied, uninclosed, and unimproved, and lay within the corporate limits of the city of Heber Springs; that the use of the way by the public was by and with the express consent of the owners of the fee, and that the way used by the public was not upon any well-established or defined route. The testimony adduced by appellant also tended to show nominal damages as prayed in his cross-complaint. The chancellor found that the way across appellant's tract of land had been used by the public as such for more than

ten years prior to the filing of the suit, and that an irrevocable easement had been thus acquired by the public therein which should of right be protected by injunctive order, and that appellant's cross-complaint should be dismissed for want of equity. A decree was accordingly entered, and this appeal comes therefrom.

The rule is well established in this State that the long continued use by the public of a way over unoccupied, uninclosed and unimproved real estate is not presumptively adverse, but on the contrary is presumed to be permissive. We so expressly decided in *Brumley* v. *State,* 83 Ark. 236, 103 S. W. 615, and there stated the rule as follows: "When the public use a road running through open and unfenced lands, without any order of the county court making it a public road and without any attempt to work it or exercise authority over it as a public highway, the presumption is that the use of the road is not adverse to the rights of the owner of the land, but by his consent. When he needs the land, he may withdraw his consent, fence the land, and exclude the public without violating the law."

The rule as thus announced was approved in effect and applied in principle in the more recent cases of *Merritt Mercantile Co.* v. *Nelms,* 168 Ark. 46, 269 S. W. 563; *Caddo Lbr. Co.* v. *Rankin,* 174 Ark. 428, 295 S. W. 52; *Boullion* v. *Constantine,* 186 Ark. 625, 54 S. W. (2d) 986. In the last case cited we restated the applicable rule as follows:

"While not universally recognized, the prevailing rule seems to be that, where the claimant has openly made continuous use of the way over occupied lands unmolested by the owner for a time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right; but where the easement enjoyed is across property that is uninclosed, it will be deemed to be by permission of the owner, and not to be adverse to his title."

The testimony under consideration reflects that the way across appellant's tract of land was used by the public as such for some twenty years, but it does not show that this use by the public was under a claim or

right or adverse to the owners of the fee. Moreover, no fact or circumstance of adverse use under a claim of right is presented by the testimony save that the use was long and continuous. Appellee's insistence is that the law presumes that long continued use by the public is adverse and under a claim of right to the owners of the fee. *Clay* v. *Penzel,* 79 Ark. 5, 94 S. W. 705. And subsequent cases of similar import are cited and relied upon in support of this contention, but such is not the effect of these cases. In the last case cited, we expressly held that adverse use under a claim of right was a question of fact, not a presumption, and that, since the testimony was conflicting on the question, the chancellor's finding should not be disturbed. Appellee's contention of adverse use by the public under a claim of right rests wholly and solely upon a presumption which is said to flow from long continued use, and, since there is no such presumption in the law applicable to user over unoccupied, uninclosed and unimproved real estate, it follows that the court erred in mandatorily directing the opening of the way across appellant's land. On appellant's cross-complaint but little need be said. Appellant's alleged damages rests solely upon his uncorroborated testimony, and the chancellor found that he had suffered no substantial damage by reason of appellee's alleged trespasses. The chancellor was not required to accept appellant's testimony as uncontroverted, he being an interested party in the litigation. *Poinsett Lumber Co.* v. *Troxler,* 118 Ark. 128, 175 S. W. 522; *Harris* v. *Bush,* 129 Ark. 369, 196 S. W. 471; *Scott* v. *Montgomery County Bank,* 158 Ark. 644, 250 S. W. 902; and *Solman* v. *Boyer,* 139 Ark. 236, 213 S. W. 383. We cannot say that the chancellor's finding against appellant on his cross-complaint is against the clear preponderance of the testimony.

For the error indicated the cause must be reversed, and remanded with directions to enter a decree in conformity to this opinion.