BRUNDIDGE *v.* O'NEAL.

4-8474                                    210 S. W. 2d 305

Opinion delivered April 5, 1948.
Rehearing denied May 10, 1948.

214

*John P. Vesey* and *Graves & Graves*, for appellant.

*Weisenberger & Pilkinton*, for appellee.

ROBINS, J. This appeal presents a controversy as to a strip of land 25 feet long and 9.7 feet wide in Block 37, in the business district of Hope, Arkansas. Appellants, J. P. Brundidge, Lois B. Shull, Minnie Brundidge, Walter B. Jones and Mrs. Walter B. Jones, his wife, and Eleanor Jones Gibson, owners of adjacent property, asserting that they and the public had a prescriptive right to use this tract as an alley, brought suit in the chancery court against appellee, N. P. O'Neal, holder of title to the tract by conveyance, and others, to enjoin the appellees from closing same. The City of Hope and other parties interested intervened and joined in the prayer of said appellants. On motion of appellee, N. P. O'Neal and his wife, the widow and heirs of John D. Barlow, deceased, were made parties, it being alleged that the said John D. Barlow had conveyed the entire parcel to Norris O'Neal, through whom said appellees deraign their title, by warranty deed; and said appellees asked for judgment against the widow and heirs of said John D. Barlow for the value of the disputed area in event it should be held that said appellees did not own same.

The lower court found that the tract in dispute did not constitute an alley, denied appellants' prayer for an

injunction and quieted title in appellees, N. P. O'Neal and wife. The court also found that the heirs of John D. Barlow were the owners of the brick wall situated on the north side of their building immediately south of the tract in dispute and confirmed their title thereto. The pleadings presented no dispute as to ownership of this wall, but this issue apparently arose after introduction of some testimony to the effect that a measurement of 115 feet back from the north line of the O'Neal property would place the south line thereof some inches over in the Barlow wall. By appeal and cross-appeal both findings of the court below have been brought here for review.

It is admitted that appellees, N. P. O'Neal and wife hold record title to a parcel of land in the northeast corner of Block 37 fronting twenty-five feet on Second Street and running south along Main Street 115 feet. The original building, a bank building erected in 1892, extended back from Second Street 90 feet. An extension carrying this building about ten feet further south was built in 1907; and this left a vacant space, approximately 9.7 feet wide, between the south wall of the bank building and the north wall of the "Barlow" building which fronted on Main Street south of the bank property. This space is the east end of what appellants contend is an alley or thoroughfare extending east and west entirely through the block.

On the official plat of the city no alley is shown at this location, the only alley in this block shown on the plat being one 20 feet wide and running north and south through the block, from Second Street to Third Street. (The streets and lot lines in Hope do not run exactly east and west or north and south, the city having been laid off with reference to the railroad, which runs through Hope from northeast to southwest; but, for brevity, we refer to lines and directions as north and south and east and west.)

None of the buildings in this block fronting on Second Street extend back the full length of the lots conveyed to the owners, but the vacant ground left at the

rear has varied from time to time as buildings were built or extended; and this space was not of uniform width at the time this suit was filed. The alley shown on the plat and other public alleys in the business district are paved, but the strip in dispute here has never been paved or otherwise improved.

It was not alleged that the area claimed as an alley had ever been formally dedicated as such, either by plat or deed; but the contention of appellants was that they and the public generally, by long continued use of this tract as a way, had acquired a prescriptive right to such use thereof.

There was much proof to show that this alleged alley had for more than thirty years been used as a means of access to the adjoining property. Appellees did not deny this use by the public and the adjoining property owners, but they contended that the use was permissive and not adverse.

On August 18, 1908, at the instance of the then owner of the parcel of land owned now by appellees O'Neal and wife, the City Council of Hope adopted the following resolution:

"Be It Resolved by the City Council of the City of Hope, Arkansas, as follows: Whereas the alley at the south end of the Hempstead County Bank building running east and west parallel with East Second Street and intersecting Main Street just south of the Hempstead County Bank building and the brick building now occupied by the Star of Hope, in Block 37 of the original plat of Hope, Arkansas, has never been dedicated by the rightful owners thereof and is not shown as an alley on the town plat; and, whereas, the said alley is now being used by the general public and by private individuals as a public alley and right-of-way; and, whereas, Hempstead County Bank who is now the rightful owner of the property and premises upon which said alley as above set forth is located and over which it runs, desires to hold said alley and right-of-way as its private property and desires to avoid losing said property on account

of the Statute of Limitations running against it; and, whereas, it is the sense of the Council that the facts and statements herein set forth are true and correct, now, therefore, be it resolved by the City Council of the City of Hope, Arkansas, that said alley and right-of-way be recognized and treated as the private property of Hempstead County Bank, that its further use as a public alley and right-of-way by the public or individuals will be by and through the permission of said owner; that this resolution be made a part of the minutes and council proceedings.'' A certified copy of this resolution was filed and recorded in the office of the Recorder of Hempstead County on January 25, 1913.

In the case of *Bridwell* v. *Arkansas Power & Light Company,* 191 Ark. 227, 85 S. W. 2d 712, we said: ''The rule is well established in this state that the long continued use by the public of a way over unoccupied, uninclosed and unimproved real estate is not presumptively adverse, but on the contrary is presumed to be permissive.'' Other cases in which this rule has been applied are: *Boullioun* v. *Constantine,* 186 Ark. 625, 54 S. W. 2d 986; and *LeCroy* v. *Sigman,* 209 Ark. 469, 191 S. W. 2d 461.

So here the burden was upon appellants to show that the use of the way involved herein was adverse to the rights of the owner and that such use was not exercised under permission of the owner.

The resolution adopted by the City Council is not conclusive of the matter, but it is of importance as reflecting that as early as 1908 the owner of this tract was asserting openly the right to deny use thereof to the public, and that the governing body of the city conceded existence of this right. This formal concession by the city was certainly a bar to the intervention of the city, although it did not affect the city's power of eminent domain in the premises—a power the city has not seen fit to exercise.

Whether use by the public of an easement over another's land is adverse or permissive is a fact question; and former decisions are rarely controlling, because, in the very nature of things, the fact situation is never

exactly the same in different cases. After a careful review of the evidence we are unable to say that the finding of the lower court that the use was permissive is against the weight of the testimony. Therefore, under our long established rule, we may not overturn this finding.

Likewise, we conclude that the finding of the lower court that appellees, O'Neal and wife, have no title in the north wall of the Barlow property is not contrary to preponderating proof.

The decree of the lower court is affirmed both on direct appeal and cross-appeal.

Mr. Justice McFADDIN disqualified and not participating.