CORRUTHERS *v*. KING.

5-2865                                    363 S. W. 2d 413

Opinion delivered January 7, 1963.

*J. B. Milham,* for appellant.

*Hall, Purcell & Boswell,* for appellee.

PAUL WARD, Associate Justice. Appellant, Mrs. Sarah Corruthers (formerly Mrs. Sarah Bubbus), and appellees, E. M. King and J. W. Bennett, are adjoining landowners. Appellees built a fence across the road which appellant used to cross their land and she filed suit in chancery court to enjoin the maintenance of said fence. The trial court found appellant had been using the road by permission of appellees, dismissing her complaint, and this appeal follows:

Briefly stated, the material facts are as presently set out. In 1935 appellant and her first husband (Gus Bubbus) purchased 40 acres of land in Saline County and about the same time appellees each purchased land adjoining appellant's land. The three families were friendly and neighborly until Mr. Bubbus died in 1945 when appellant (and her children) moved away. Up until about 1938 Mr. and Mrs. Bubbus drove to and from their home on the forty over a road across appellees' land. There can be little doubt that this use of the road was permissive because appellees put a gate across the road, and then appellant and her husband opened up another

road across appellees' land which they used until appellant moved away in 1945. Since that time appellant used the road two or three times each year until appellees closed the road two years ago.

There is no definite or positive evidence to show the character of the use of the road after the first road was abandoned, showing whether it was adverse or permissive. However, the road was across unenclosed and unimproved lands of appellees and the law presumes its use by appellant was not adverse but permissive. See: *Bridwell* v. *Arkansas Power & Light Company*, 191 Ark. 227, 85 S. W. 2d 712; *LeCroy* v. *Sigman*, 209 Ark. 469, 191 S. W. 2d 461; *Brundidge* v. *O'Neal*, 213 Ark. 213, 210 S. W. 2d 305; and, *Barbee* v. *Carpenter*, 223 Ark. 660, 267 S. W. 2d 768. Under the holding in the O'Neal case, *supra*, the burden was on appellant to show the use of the road was adverse to the rights of the appellees and not with their permission.

It is our conclusion, therefore, that the trial court was justified in finding appellant's use of the road was permissive, and in dismissing her complaint.

Affirmed.