ARMSTRONG *v.* COOK

5-3881                                        402 S. W. 2d 409

Opinion delivered May 9, 1966

*Fletcher Long,* for appellant.

*Giles Dearing,* for appellee.

ED. F. McFADDIN, Justice. The appellants (Mr. and Mrs. Armstrong) and the appellee (Mr. Cook) are adjoining landowners; and this is a suit brought by the appellants, seeking to have an easement declared for a roadway over the lands of the appellee, who denied that the appellants had any easement rights. The Chancery Court, after hearing evidence *ore tenus,* rendered a decree for the appellee, and the appellants bring this appeal, urging two points:

"I.   An easement in favor of appellants, where the road is presently located, has been established by prescription.

"II.  The appellants as holders of the easement are entitled to improve it to the degree which they proposed."

The disposition that we make of appellants' first point will make it unnecessary for us to consider the

second point. In 1924 the appellants purchased 67 acres in the Southwest Quarter of Section 31. There is a county road near the west side of the section; also along the north side of the section there is a county road which turns southeast; and in about the center of the Northeast Quarter there is a roadway going about a quarter mile southwest to the appellants' land. It is this roadway approximately one quarter of a mile in length that is here involved, and it is hereinafter called "the roadway."

Appellants' land is known as the "Pink Thomas Land," since such named person was a former owner. For many years there has been a house on the Pink Thomas land, and at times the occupants of the house used the roadway in question to get to the county road on the north boundary of Section 31, even though there was a roadway west from the Pink Thomas land to the county road near the west side of Section 31. The roadway over appellee's land is wide enough to accommodate only a wagon. Originally the roadway went through timber lands, but in recent years the appellee has cleared some of the land and planted a peach orchard, so that the roadway now runs through the orchard.

Appellants' witnesses testified that for at least 40 years the roadway had been used by the occupants of the Pink Thomas land and by those who were going to see such occupants. The roadway ends at the house on the Pink Thomas land. Because of such testimony of the long use, the appellants claimed that the roadway had been established by prescription. But the long use here shown is not sufficient, in itself, to establish a roadway by prescription, since there are other facts which we now mention. The roadway originally went through timbered lands, and we have repeatedly held that the use of a roadway through unfenced land or timbered land does not, in itself, constitute adverse possession. In *Bridwell* v. *Arkansas Power & Light Co.*, 191 Ark. 227, 85 S. W. 2d 712, Chief Justice Cecil E. Johnson, speaking for a unanimous Court, said:

"The rule is well established in this State that the long continued use by the public of a way over unoccupied, uninclosed and unimproved real estate is not presumptively adverse, but on the contrary is presumed to be permissive. We so expressly decided in *Brumley* v. *State,* 83 Ark. 236, 103 S. W. 615, and there stated the rule as follows: 'When the public use a road running through open and unfenced lands, without any order of the county court making it a public road and without any attempt to work it or exercise authority over it as a public highway, the presumption is that the use of the road is not adverse to the rights of the owner of the land, but by his consent. When he needs the land, he may withdraw his consent, fence the land, and exclude the public without violating the law.'

"The rule as thus announced was approved in effect and applied in principle in the more recent cases of *Merritt Mercantile Co.* v. *Nelms,* 168 Ark. 46, 269 S. W. 563; *Caddo Lbr. Co.* v. *Rankin,* 174 Ark. 428, 295 S. W. 52; *Boullion* v. *Constantine,* 186 Ark. 625, 54 S. W. (2d) 986. In the last case cited we restated the applicable rule as follows: 'While not universally recognized, the prevailing rule seems to be that, where the claimant has openly made continuous use of the way over occupied lands unmolested by the owner for a time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right; but where the easement enjoyed is across property that is uninclosed, it will be deemed to be by permission of the owner, and not to be adverse to his title.'

"The testimony under consideration reflects that the way across appellant's tract of land was used by the public as such for some twenty years, but it does not show that this use by the public was under a claim of right or adverse to the owners of the fee. Moreover, no fact or circumstance of adverse use

under a claim of right is presented by the testimony save that the use was long and continuous.''

There was also evidence offered in the case at bar that at one time the occupant of the Pink Thomas land obtained permission from the appellee to be allowed to continue to use the roadway in question. Furthermore, some time after 1964 the appellant, G. L. Armstrong, consulted the appellee as to the improvement of the roadway in question, and appellee agreed that the roadway could be used by the appellants for that year. All of this testimony goes to show that the use of the roadway was at all times recognized as permissive. In view of all of this it follows that the appellants never established any adverse use of the roadway, which adverse use is essential to their successful claim of prescription. See *Craig* v. *O'Bryan,* 227 Ark. 681, 301 S. W. 2d 18.

Appellants' second point relates to the amount of improvement on the roadway that the appellants should be allowed to make. Since we have held that the appellants have no easement rights, it becomes unnecessary to discuss the second point.

Affirmed.

BLAND, J., not participating.