Clarence B. BURDESS *v.* ARKANSAS
POWER AND LIGHT COMPANY

CA 79-302                          597 S.W. 2d 828

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Petition for rehearing denied April 23, 1980
Petition for review denied April 28, 1980
Released for publication April 30, 1980

*Brockman & Brockman* and *C. Mac Norton,* for appellant.

*Steve L. Riggs,* Asst. General Counsel of Ark. Power & Light Co., for appellee.

JAMES H. PILKINTON, Judge. The issue in this case is whether a prescriptive easement in favor of the appellant exists over the lands owned by the appellee, Arkansas Power and Light Company, and commonly referred to during the trial as the "White Bluff Plant Site".

Appellant and appellee are the respective owners of contiguous tracts of land in Jefferson County, Arkansas. Both tracts lie to the east of Highway 365, to the west of the Arkansas River near Lock and Dam No. 5, to the north of the Pine Bluff Arsenal and the Jefferson River Road, and to the south of the Redfield River Road. The appellant alleged that the appellee had barricaded a road which had been used for many years by himself and the public; that a prescriptive easement should be declared over the tract owned by appellee; that the appellee should be enjoined and restrained from preventing him and the public from using this road; that the actions of appellee precluded his ingress and egress to the tract; and that he had been damaged in the amount of $25,-000.00 by the acts of appellee. The appellee denied the allegations of appellant and in addition pled affirmative defenses of abandonment, laches, waiver and estoppel. In connection with the trial, the judge made an on-site inspection. After this, the Chancery Court rendered its decision holding that the appellant did not have a prescriptive right over the property belonging to appellee. This appeal followed.

The Chancellor wrote a well reasoned opinion in this case which is a part of the record. After discussing the case law in detail, including *Boullioun* v. *Constantine,* 186 Ark. 625, 54 S.W. 2d 986 (1932); *Bridwell* v. *A.P.&L.,* 191 Ark. 227, 85 S.W. 2d 712 (1935); *Armstrong* v. *Cook,* 240 Ark. 801, 402 S.W. 2d 409 (1966); *Fullenwider* v. *Kitchens,* 223 Ark. 442, 266 S.W. 2d 281 (1954), the trial court said:

. . . It appears that Kearney Road was an improved road

to a point at about where A.P.&L. now has a guard gate and from approximately that point running east the road was unimproved and nothing more than a timber trial through the woods. This road was used by hunters and fishermen in addition to those hauling timber from these lands. Also, for a time several years ago, Burdess and some others lived near the river and owned property nearby and used this road as a means of ingress and egress.

. . .

The decisive question in this case is, did Burdess, when he was using the disputed road, manifest an open and adverse interest for more than 7 years to the passageway and did the A.P.&L. and its predecessors in title know or should they have known of this adverse claim, thus creating an exception to the general rule as announced in *Bridwell* and *Boullioun* and many other cases? The Court must answer in the negative.

The burden of proof was on Burdess to show that the use of the road was adverse to the rights of A.P.&L. and its predecessors in title and not with their permission. *Corruthers* v. *King,* 235 Ark. 977.

Burdess has failed to meet this burden for the following reasons:

1. There is no evidence that Burdess or anyone else has ever improved the road. No gravel was ever put down nor were any culverts or bridges built.

2. Unlike the facts in *Fullenwider,* Burdess had an all weather, improved road running to his property from old Highway 65 until he, subsequent to A.P.&L.'s putting up a gate to the public on the west side of its property, apparently sold all his rights in certain other property he owned that abuts his remaining 18 acres. See Judgment on Stipulation, Defendant's Exhibit 1. At the time of the trial in this case, Burdess had filed in the Federal Court case a motion to set aside the judgment and

reacquire certain rights he did have to use the aforementioned improved road. In this motion, Burdess has alleged that "plaintiff (United States of America) has denied defendant access to all of his remaining property which he owns, and renders this property worthless to him." See Defendant's Exhibit 4. Even though he did not explicitly state it, the strong implication is that the improved road crossing the property sold to the government constitutes Burdess' sole means of ingress and egress to his remaining 18 acres. This, of course, is at variance with his position in this case.

3. With the exception of a 1932 quadrangle map (Plaintiff's Exhibit 5), no major photograph introduced by either party shows a clear and well-defined road crossing what is now A.P.&L. property. There are many timber trails that can be identified running in all directions.

4. International Paper Company was the owner of most of the timberland acquired by A.P.&L. for its White Bluff Plant. It apparently not only permitted but authorized many persons to come onto its property in connection with the cutting and hauling of timber therefrom. International Paper also apparently made no objections to Burdess and hunters and fishermen using the disputed roadway. Paraphrasing language from *Boullioun,* it was not the custom or habit of International Paper to object to persons enjoying the privilege of using its timber trials. The land was completely unenclosed and unimproved and the use of the many passageways in the nature of timber trials was with the indulgence of International Paper and its successor in interest, A.P.&L. "until such time as the owners (desired) to inclose them."

For reasons stated, the Court holds that Burdess does not have a prescriptive right in the disputed road.

With this holding, the question of plaintiff's damages is now moot.

Appellant argues on appeal that the decision of the lower court denying appellant a prescriptive easement is not supported by a preponderance of the evidence. The testimony of witnesses for both sides shows clearly that the land in question is unenclosed and unimproved timberland. The law is clear that use of a roadway over unenclosed and unimproved land is deemed to be permissive and not adverse to the owners of the land. *Bridwell* v. *A.P.&L.,* 191 Ark. 227, 85 S.W. 2d 712 (1935). Although permissive use of a roadway can ripen into adverse use, there must be some overt activity on the part of the user to make it clear to the owner of the property that an adverse use and claim of right is being exerted. *Stone* v. *Halliburton,* 244 Ark. 392, 425 S.W. 2d 325 (1968).

It is clear from the evidence in this case that the logging trails used by the various witnessses were used spasmodically. Some witnesses indicated they had used trails in the area only during certain hunting seasons. The record shows that no discernable roadway existed across the area purchased by appellee for the White Bluff Plant Site although some interspersed logging trails did exist. Appellee did not deny that some parties may have used these logging trails or that they may at some time have driven vehicles across the land in question from International Paper Company. The record shows that no one from International Paper Company, or any previous owner of the property in question, ever prevented any of the hunters, fishermen, the appellant, or other witnesses for appellant from using the logging trails. The testimony is to the effect that no hostility ever emerged as a result of the use of any of the trails. Upon fencing of the area purchased by appellee, use of the White Bluff Plant Site as access ceased. Appellee claims that permission to use the land had been withdrawn. In addition, the evidence is clear that none of the trials used by the witnesses constituted improved roadways and that no maintenance was performed by parties using the trials. All witnesses indicated that the trails were unimproved; that no items such as culverts, gravel or other improvement could be located. The testimony in this case is silent on the issue of notice or of any activities sufficient to put the landowner on notice of an adverse claim of right. Conse-

quently, the opinion of the learned Chancellor is correct in holding that the requirements necessary for creation of a prescriptive easement are missing. We have carefully considered the cases cited by appellant but find them not to be in point. They are distinguished from the case before us because in those cases relied upon by appellant actual knowledge by the landowner was involved or substantial maintenance had been performed. Neither element is present in the case at bar.

The Chancellor made an on-site observation following the taking of evidence. this was at the request of appellant. The Chancellor was accompanied by counsel for both parties in a four-wheel drive Jeep.

We agree with the trial court that the requirements for establishment of a prescriptive easement were not proven. This record simply does not show the necessary elements to establish a prescriptive easement. As the ruling of the Chancery Court is supported by a preponderance of the evidence, the decree must be affirmed.

Affirmed.