The Honorable Dewayne Mack State Representative P.O. Box 158 Kirby, Arkansas 71950-0158
Dear Representative Mack:
I am writing in response to your request for an opinion about timber companies placing gates across roads that have been open to the public for many years. Specifically, you state that in your part of the state, "many of the big timber companies have been leasing their property to hunting clubs. Several of the companies have started to put gates on roads that have been open to the public for many years creating problems for area residents." You state that "[o]ne such situation is that a road that leads down to a cemetery has been gated and many of my constituents are very angry about it. They feel that they are kept from attending to the graves of their loved ones." You therefore ask whether it is legal for timber companies to do this to public access roads.
RESPONSE
The resolution of your question may ultimately require reference to the individual facts concerning a particular road. There are state laws addressing access to certain cemeteries and I will set that law out below. Absent any issue involving a cemetery, there may be no prohibition against a timber company gating a private road, unless the public can establish prescriptive rights to the road. I will also set out below the general law on that issue.
As an initial matter, with regard to cemetery access, A.C.A. § 5-39-212
provides:
 (a) It shall be unlawful for any person, firm, corporation, partnership, or association to:
 (1) Construct any fence on any property in such manner as to enclose any cemetery unless suitable access by automobile to the cemetery is provided by gate or otherwise. The word "cemetery", as used in this subsection, is not intended to apply to any private family burial plot which contains fewer than six (6) commercial grave markers and has not been used for burial purposes for at least twenty-five (25) years and which has not had an access road to the burial plot for at least thirty (30) years. Nothing in this section prohibits the placement of a fence around any cemetery for the purpose of defining boundaries or protection of grave sites;
(2) [Repealed.]
 (b) Any person, firm, corporation, partnership, or association violating any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not less than ten dollars ($10.00) nor more than one hundred dollars ($100), and every day that the violation shall exist shall be a separate offense.
While this statute does not prevent placing a gate over the road, it does require "suitable access by automobile" to the cemetery "by gate or otherwise." My predecessor has stated that: "the underlying legislative intent is clearly to afford access to any cemetery that meets the statutory definition." Op. Att'y Gen. 99-308. See also Op. Att'y Gen.96-015.
Absent any issues regarding access to cemeteries, the legality of the timber company placing gates over the road you describe may depend upon whether the public has acquired a prescriptive easement to use the road. As stated in Smith v. Loyd, 68 Ark. App. 127, 5 S.W.3d 74 (1999):
 Prescription is the acquisition by an adverse user of title to a property right which is neither tangible nor visible, as distinguished from the acquisition of title to the land itself by adverse possession. Johnson v. Jones, 64 Ark. App. 20, 977 S.W.2d 903 (1998). The Supreme Court has considered the period for acquiring a prescriptive right-of-way as analogous to the statutory seven-year period for the acquiring of title by adverse possession and has held that both require seven years. Id. Unlike adverse possession, however, prescriptive use need not be exclusive. Id. One asserting an easement by prescription must show by a preponderance of the evidence that his or her use has been adverse to the true owner and under a claim of right for the statutory period. Id. The determination of whether the use of a roadway is adverse or permissive is a question of fact. . . .
Smith v. Loyd, supra at 130.
Several Arkansas cases have addressed the issue of whether the public has acquired a prescriptive easement to use a road. See e.g., Hall v.Clayton, 270 Ark. App. 626, 606 S.W.2d 102 (Ark.App. 1980); Burdess v.A.P. L., 268 Ark. App. 901, 597 S.W.2d 828 (Ark.App. 1980); Clarkev. Montgomery County, 268 Ark. App. 942, 597 S.W.2d 96 (Ark.App. 1980); and Weigel v. Cooper, 245 Ark. 912, 436 S.W.2d 85 (1969).
It has also been held, however, in several cases that:
 It is well settled that where a highway is used by the public for a period of more than seven years, openly, continuously and adversely, the public acquires an easement by prescription or limitation of which it can not be disposed by the owner of the fee. * * * But it is also equally well settled that the right to a public highway once established by limitation or prescription may be abandoned by non-use, and if so abandoned for a period of more than seven years, the right of the owner of the fee to re-enter and to thereby exclude the public from the use of the highway is restored. . . .
Weir v. Trucks, 255 Ark. 494, 500 S.W.2d 923 (1973) at 497-98, quotingMcLain v. Keel, 135 Ark. 496, 205 S.W. 894 (1918).
As noted above, the issue of whether any prescriptive rights have been acquired is entirely one of fact. I cannot resolve such issues in the format of an official Attorney General opinion. The interested parties should consult private counsel to determine their rights. See Op. Att'y Gen. 86-184.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh